T. J. REED v. WESTERN UNION TELEGRAPH COMPANY.

Decided December 24, 1902.

**1.—Telegram—Diligence to Deliver—Charge.**

A charge on the care necessary to deliver a telegram to the addressee is erroneous, which relieves defendant from liability if it "searched for plaintiff and failing to find him" took ordinary precautions to inform him of said telegram, since it excuses defendant from delivery, if search of any character or in any place was made, though it fell short of ordinary care.

**2.—Charge—Distinct Grounds of Negligence.**

When plaintiff relied on defendant's lack of care to make prompt delivery, both of a message to him and of others sent by him after its delayed delivery, it was error, in charging separately on each issue, to direct a verdict for defendant, if due care was used to deliver the message involved in it.

Appeal from the District Court of McLennan. Tried below before Hon. John M. Furman.

*J. B. Scarborough,* for appellant.—The brief contained the following assignments of error overruled, but not discussed by the opinion:

First assignment of error: The court erred in excluding the testimony offered by plaintiff on the stand in his own behalf showing the inquiry made by him and the result of the inquiry as to the location of Mr. Silbaugh at time of receipt by office of telegram to him by plaintiff from Waco.

Statement: Silbaugh was with J. L. Reed when he died and sent the first message alleged upon—though sent in the name of J. L. Reed—and at the same time wrote to appellant of his brother's condition. When appellant received the message he immediately sent one to his brother, and receiving no reply, sent one to Silbaugh. Receiving no reply he went to El Reno and at the office of appellee found the message of Silbaugh undelivered, went to the boarding house where his brother died and there made inquiry for Silbaugh and to this testimony the objection was sustained. Silbaugh was with Reed at the boarding house when he died. This boarding house was in adjoining block to office of defendant. Interrogatories to both Silbaugh and Rogers, the boarding house keeper, were returned unanswered, as witnesses could not be found and were never found.

Second assignment of error: The court erred in permitting defendant to put in evidence, over objection of plaintiff, the special contract on reverse side of message sent to T. J. Reed by J. L. Reed from El Reno, because there was no proof that J. L. Reed agreed or consented to said conditions and no proof that the paper offered was signed by J. L. Reed.

Statement: The defendant relied on the special contract as to delivery within free delivery limits. The message delivered to plaintiff had no such agreement on it. Defendant offered a paper purporting to be the original message with J. L. Reed's name on it. No proof was offered that he signed the agreement or consented to it.

Sixth assignment of error: The court erred in his charge to the jury in that he held plaintiff to the burden of proving defendant did not exercise ordinary care in delivering said messages shown by the evidence to have been received by defendant for transmission. Plaintiff made his prima facie case when he proved the contract for transmission, and the burden was then on defendant to excuse the failure to comply with said contract. The charge on this point was error.

Statement: The clause of the charge complained of is as follows: "The burden of the proof is upon plaintiff to show by preponderance of evidence not only that he sustained the injuries complained of, but that the same were the direct and proximate result of the negligence on the part of the defendant."

Seventh assignment of error: The undisputed evidence being that the defendant was in possession of the information as to the death of J. L. Reed and the time he died, said information being had by the agents of the defendant both at Waco and El Reno, it became the duty of the company to convey this information to T. J. Reed and inform him that the company could not deliver the messages; both messages called for immediate reply. It was error in the court not to so instruct the jury.

Eighth assignment of error: It was error in the court not to set aside the verdict of the jury on motion, because the same is not supported by the evidence; the uncontroverted evidence being that at the time the company received the last two messages for transmission it knew J. L. Reed was dead, and there is no proof at all that there was any effort on the part of the company to deliver either the message to J. L. Reed or to A. L. Silbaugh at El Reno, and the verdict of the jury can only be accounted for under the first instruction complained of as to the charge of the court not to consider these matters.

*Geo. H. Fearons, Clark & Bolinger,* and *Abe Gross,* for appellee.

KEY, ASSOCIATE JUSTICE.—Joseph L. Reed died in El Reno, O. T., on the 28th day of August, 1901, leaving T. J. Reed, his brother, surviving him. On the same day, but prior to the death of Joseph L. Reed, one Silbaugh sent a telegram from El Reno, addressed to T. J. Reed at Waco, Texas, informing him of the sickness of his brother, and requesting him to come to El Reno. It was signed Joseph L. Reed. This telegram was not delivered to T. J. Reed until the 7th day of September following. Soon after receiving the message referred to, T. J. Reed sent a telegraphic message, addressed to his brother Joseph L. Reed, at El Reno, inquiring about his condition, and on the next day, September 8, 1901, sent another message of similar import to Silbaugh. On September 9, 1901, not having heard anything further in reference to the condition of his brother, T. J. Reed went from his home near Waco, Texas, to El Reno, Oklahoma, where he ascertained that his brother had died on the 28th day of August, as stated above.

T. J. Reed brought this action against the telegraph company to recover damages, alleging that the company was guilty of negligence (1) in failing to deliver the first message within reasonable time, and (2) in failing to deliver at El Reno the two messages sent by him. There was a jury trial, which resulted in a verdict and judgment for the defendant, and the plaintiff has appealed.

Among other matters, the court charged the jury as follows: "If you find that the said telegrams were sent as alleged, and that the defendant exercised such care and diligence in delivering or attempting to deliver the same as a man of reasonable and ordinary care and prudence would have used under the same or similar circumstances, then, if you so find, you will find for the defendant, and so say by your verdict, and you need not consider the other matters stated herein; and in this connection you are charged that if defendant, through its employes, upon the receipt of said telegram from El Reno, searched for plaintiff and, failing to find him, then took the usual and ordinary precautions that a man of ordinary care would have taken to inform plaintiff of said telegram, you will find for the defendant."

This instruction is complained of as constituting a charge on the weight of testimony, and the complaint is well founded. It was the duty of the telegraph company to exercise ordinary and reasonable diligence to find the plaintiff and deliver the message to him. Search may have been made at some places and not at others; and a person of ordinary prudence and care might have searched at other places. And therefore it was error for the court to assume, as it did in the charge quoted, that any character of search would acquit the company of negligence in that respect.

The instruction quoted is complained of further upon the ground that it restricted the jury to a consideration of the question of negligence in the delivery of the message sent from El Reno to the plaintiff, and excluded consideration of the negligence alleged in the failure to deliver the two messages from the plaintiff to parties in El Reno. The court instructed the jury in its second paragraph in reference to the two messages sent by the plaintiff, which instruction concludes with this sentence: "If you find that defendant exercised ordinary care and diligence at El Reno in attempting to deliver said telegrams, then you will find for the defendant."

From this it will be seen that while the plaintiff had two theories upon which he sought to recover, and while they were not necessarily dependent upon each other, yet, in submitting each issue to the jury, the court told them if they found certain facts as to the particular issue then under consideration to "find for the defendant." This was not an accurate statement of the law, and was calculated to confuse the jury. For instance, on the issue submitted in the charge quoted above, the jury may have concluded that the preponderance of testimony was with the defendant, but that there was a similar preponderance in favor of the plaintiff on the other issue in reference to the failure to deliver

the two telegrams sent by the plaintiff; yet the charge quoted, in effect, told the jury that if the evidence preponderated in favor of the defendant on the issue therein submitted, to return a verdict for the defendant, regardless of the other questions in the case. If to the charge quoted had been added the phrase, "unless you find for the plaintiff under other paragraphs of this charge," or language of similar import, the several paragraphs of the charge would have harmonized, and the jury could not have been misled. But as it was framed, there was at least apparent inconsistency in the two paragraphs submitting the two issues to the jury, and the jury may have been misled and confused thereby.

When a positive error has crept into one paragraph of the court's charge, it is not corrected by another paragraph, which states the law correctly, when the latter does not expressly refer to and modify the former. Railway v. Robinson, 73 Texas, 277; Baker v. Ashe, 80 Texas, 356.

The assignments complaining of an instruction given by the court in response to a question asked by the jury, and the refusal of an instruction on that question requested by appellant, need not be considered, as we see no reason to suppose that the next jury will propound the same question.

The questions presented by the other assignments have been considered, and our decision upon them is against appellant.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*