## WESTERN UNION TELEGRAPH CO. v. CATHEY. (No. 5267.)

(Court of Civil Appeals of Texas. San Antonio. April 29, 1914.)

1. TELEGRAPHS AND TELEPHONES (§ 74*)—ACTIONS FOR DELAY—INSTRUCTIONS.

Where plaintiff claimed that defendant's failure to deliver on the 15th a message announcing the death of his mother prevented him from attending her funeral, but claimed no damages because of defendant's failure to deliver it on the following day, it having not reached the delivering office till the 16th, a charge to find for plaintiff, if defendant was negligent in delivering the message within a reasonable time after receipt at its destination, is erroneous, though other charges stated that plaintiff could only recover for negligence occurring on the 15th, for such charge might have misled the jury to believe that the court was of the opinion that the message was received at its destination on the 15th instead of the 16th, and tended to allow a recovery for negligence not counted upon.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 77; Dec. Dig. § 74.*]

2. TRIAL (§ 296*)—INSTRUCTIONS—ERROR.

Where correct charges do not refer to or modify an erroneous charge which is in direct contradiction, the two cannot be reconciled and judgment must be reversed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—REQUEST.

The refusal of a requested charge covered by the charge given is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. TELEGRAPHS AND TELEPHONES (§ 37*)—TRANSMISSION—DUTY OF TELEGRAPH COMPANY.

A telegraph company is bound only to exercise ordinary care to transmit and deliver a message within a reasonable time and is not under the absolute duty of so doing.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 23, 24, 29, 30, 32; Dec. Dig. § 37.*]

Appeal from District Court, Austin County; Frank S. Roberts, Judge.

Action by Z. W. Cathey against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Hume & Hume, of Houston, for appellant. C. G. Krueger, of Bellville, for appellee.

FLY, C. J. This is a suit for damages arising from a failure to deliver a message informing appellee of the death of his mother in Arkansas, and by such failure preventing him from attending her funeral. The cause was tried by jury and resulted in a verdict and judgment for appellee in the sum of $900.

It was alleged in the petition that the message was delivered to an agent of appellant at Huntington, Tex., by Knight and Lynn, brothers-in-law, to appellee to be transmitted to him, care of Dr. Steck, at Bellville, Tex.; that the message was delivered to said agent at about 10 o'clock a. m. on December 15, 1911; that if the message had been promptly delivered to Dr. Steck, the latter would have immediately notified appellee of its contents, or would have sent the message to him at Buckhorn, where he resided, some six or seven miles from Bellville; that Steck lived in Bellville; that there was a telephone line from Bellville to Buckhorn; and it was further alleged: "Plaintiff further shows to the court that, if the defendant had promptly transmitted and delivered said message as it was bound to do, this plaintiff could have and would have taken the H. & T. C. Railway Company's passenger train at Hempstead at about 11 o'clock p. m. of December 15, 1911, and gone to Dallas, Tex., where he could and would have taken the Texas & Pacific Railway Company's passenger train and gone to Texarkana, and at Texarkana he would and could have taken the Iron Mountain Railway Company's passenger train and gone to Prescott, Ark., and at Prescott, Ark., he would and could have taken a team or automobile and gone to his mother's home in time to have viewed her remains and attended her funeral, or the plaintiff could have taken the G., C. & S. F. Railway Company's passenger train at Bellville, Tex., at 11:30 p. m. December 15, 1911, and reached Dallas at about 7 a. m. December 16, 1911, and at Dallas could have taken the Texas & Pacific passenger train and gone to Texarkana, and at Texarkana could and would have taken the Iron Mountain Railway Company's passenger train for Prescott, Ark., where he would and could have taken a team and reached the home of his mother on the morning of December 17, 1911, in time to have viewed her remains and attended her funeral, as the trains above mentioned made close connections with each other. Plaintiff further shows to the court that he could and would have made and he can now make the trip either from Bellville, Tex., or from Hempstead, Tex., by either of the routes above stated in 22 or 23 hours time."

[1, 2] The evidence showed without contradiction that the message was not re-

ceived at Bellville, by the agent at that place, until on the morning of December 16, 1911, between 8 and 9 o'clock. The message was never delivered, and if it had been promptly delivered after reaching Bellville, to appellee, it would have availed him nothing, as he places his cause of action on the failure to deliver the message on December 15, 1911, so that he could have left on the night of that day at certain hours. It is not claimed that there was any causal connection between the negligence in delivery on December 16th and the damages claimed, but the cause of action rests on a failure to deliver on December 15th. The court, at the request of appellant, instructed the jury that appellee had no cause of action unless the message was received by appellant in time to have transmitted it to Steck at Bellville before 6 o'clock p. m. on December 15th, the hour at which the office of appellant at that place closed. All of the evidence tended to show that, if there was delay that resulted in damage, it arose before the message reached Bellville, and also showed that the message did not reach Bellville until the morning of December 16th.

With the evidence making out that state of case, the court instructed the jury to find for appellee if appellant was negligent in delivering the message to Steck "within a reasonable time after having received the same at Bellville." That was error, and it was not corrected by charges to the effect that appellee could only recover for negligence on December 15th, because it may have caused the jury to believe that the court was of the opinion that, although the agent had sworn that the message was not received until the morning of December 16th, it was received by him on December 15th. The erroneous charge was directly in conflict with other parts of the court's charge as well as the special charge. They cannot be reconciled and must lead to a reversal. Baker v. Ashe, 80 Tex. 356, 16 S. W. 36. When a positive error is found in one paragraph of the charge of the court, it is not corrected by another paragraph, which does not refer to and modify the erroneous charge. Railway v. Robinson, 73 Tex. 277, 11 S. W. 327; Reed v. W. U. Telegraph Company, 31 Tex. Civ. App. 116, 71 S. W. 389; Railway v. Rodgers, 89 Tex. 675, 36 S. W. 243.

[3] The second assignment of error is overruled. The court charged in effect as requested in the charge, the rejection of which is complained of in the assignment.

[4] A telegraph company is under obligations to exercise ordinary care in the transmission and delivery of messages committed to its care, and the court erred in charging the jury that: "Whenever a telegraph company accepts a message for transmission and delivery, it is its duty to deliver the same within its free delivery limits within a reasonable time after the same is received, but

it is not bound to deliver such message beyond its free delivery limits." Instead of holding appellant to the exercise of ordinary care in the transmission and delivery of the message, the charge imposed upon it the absolute duty of delivering the message within a reasonable time. W. U. Telegraph Co. v. Rosentreter, 80 Tex. 406, 15 S. W. 1048, 26 Am. St. Rep. 759; W. U. Telegraph Co. v. Hays, 63 S. W. 171; Hargrave v. Telegraph Co., 60 S. W. 687.

The other assignments of error are overruled.

The judgment is reversed, and the cause remanded.