### W. R. BAKER ET AL. V. S. S. ASHE.

No. 2873.

1. **Measure of Damages.**—A depositor induced by the misrepresentations of officers of an insolvent bank to deposit money with it, upon the failure of the bank is entitled to recover of the officers so guilty the amount of his deposit less the value of his claim against the bank.

2. **Same.** — In this case a recovery was had by the depositor. He had proved up his claim against the bank, and had been paid a dividend by the receiver. Other assets remained from which further payments could be expected. *Held,* that the measure of damages was the amount of the deposit less the dividend paid and less the value of the claim against the bank at the time of trial. Interest upon the deposit should be allowed.

3. **Charges, Contradictory.**—It is a rule that in construing the instructions given by the court to a jury the charge is to be taken as a whole and one part may be looked to for the purpose of qualifying another. But this does not apply where the charge has inconsistent and contradictory paragraphs. See example.

4. **Same.**—In one part of the charge the jury were instructed that the plaintiff may recover without reference to the truth or falsity of the representations, and in another that he can not recover unless the representations are false. These are inconsistent and were calculated to confuse.

5. **Same.** — A charge which instructs the jury to find for a plaintiff in the event they find certain facts proved by the evidence and omits one of the facts essential to a recovery is erroneous, and is not cured by a contradictory instruction given at the request of the other party which makes no direct reference to the erroneous charge.

6. **Incompetent Testimony.** — Testimony to declarations of the president of a bank touching its financial ability, made to a witness and never made known to the plaintiff, is incompetent against said president.

7. **Bradstreet's Commercial Agency Reports.**—The reports of a commercial agency, compiled from reports of its agents and for use of its correspondents, is incompetent as evidence in favor of one not a correspondent, or against the officers of the bank in no way participating in making or publishing the report.

APPEAL from Harris. Tried below before Hon. James Masterson. The opinion gives a statement.

*Goldthwaite & Ewing,* for appellant Baker.—1. The verdict of the jury is unsupported by the evidence as to the defendant W. R. Baker, in that it was not proved that he ever made any false representations upon which the plaintiff relied in making the deposits complained of, and the proof was that he had every reasonable expectation of maintaining the credit of the bank and surmounting its difficulties so as to discharge all the bank's ordinary debts, and that the bank was in fact solvent, with a sufficiency of assets for the purpose.

Representations, unless false, are not actionable. Furz v. Spaunhorst, 67 Mo., 256; Wakeman v. Dalley, 51 N. Y., 31; Petree v. Lumber Co., 15 Am. and Eng. Corp. Cases, 496 *et seq.*, and authorities cited; 5 Am. and Eng. Encyc. of Law, 318.

No representations, however false, are actionable unless relied on. Seales v. Baker, 70 Texas, 283; Ming v. Woolfolk, 116 U. S., 599; 5 Am. and Eng. Encyc. of Law, 331; Rutherford v. Williams, 42 Mo., 18.

If the officers of the bank supposed the institution would be able to maintain its credit and thus surmount its difficulties, they were under no legal duty to the plaintiff to disclose the state of its affairs. 27 Fed. Rep., 246; Arkwright v. Newbold, 17 Ch. Div., 301; Bige. Law of Fraud, 467, 468; 5 Am. and Eng. Encyc. of Law, 337.

2. It is error of law to direct a verdict absolutely on the hypothesis of a part only of the facts necessary to make a *prima facie* case for the plaintiff, or specific defense in avoidance for the defendant. In either event the error is incurable by the giving of correct instructions, for

here are antagonistic statements of the law—one right and complete in itself, and the other wrong and complete in itself. It can not be determined which the jury followed. Sayles' Civ. Stats., arts. 1317, 1319; Thomas v. Babb, 45 Mo., 384; Jones v. Talbot, 4 Mo., 279; Heckman v. Griffin, 6 Mo., 37; Railway v. Harwood, 80 Ill., 91; Rolling Mills Co. v. Morrissey, 18 Am. and Eng. Ry. Cases, 48; Sullivan v. Railway, 4 West. Rep., 434.

3. The rule for actual damages is compensation, and that which exceeds compensation is erroneous. Here damage was an essential ingredient of plaintiff's cause of action, and hence must have been incurred when the alleged cause of action accrued, wherefore compensation would consist in the difference at that time between the real value of his deposit account and what it would have been worth had the supposed representations been true. Heidenheimer v. Ellis, 67 Texas, 429; Peck v. Derry, 21 Am. and Eng. Corp. Cases, 272–275; Whittier v. Collins, 1 N. Eng. Rep., 128; 5 Am. and Eng. Encyc. of Law, 345.

*Hutcheson, Carrington & Sears*, for appellants Brewster, McIlhenny & Weems; *Baker, Botts & Baker*, for Rice.— 1. The statement of the Bradstreet Commercial Agency was the private act of that agency's representative, made up, as was affirmatively shown, from information acquired in various ways and from sources other than these defendants or the City Bank's officers, and of deductions of the agent himself. It was not the act or statement of the bank or of the defendants, and was not competent testimony against them.

The representation to bind defendants must have been made either by them or by their agent in the line of his authority. 1 Benj. on Sales, ed. 1888, p. 438; Holmes v. Harrington, 3 West. Rep., 296, 297; Victor v. Henlein, 33 Hun., 549.

2. Even if this report has been shown to be the act of the defendants, it was not made to the plaintiff nor to the public, nor to any class of persons in which plaintiff was included, and therefore not competent testimony against them.

3. The reasons given as to the error of the court in admitting the testimony on this point are alike applicable to the refusal to give the charge asked. And in addition, when further testimony developed that no official of the bank nor any of the defendants had anything to do with making the report or statement, it was the duty of the court to remedy the error of admitting the evidence by giving this charge. Roddy v. Kingsbury, 5 Texas, 152; Zeliff v. Jennings, 61 Texas, 469; Railway v. Poole, 63 Texas, 246.

*Brashear & Ashe*, for appellee.—1. The verdict of the jury is sustained by the evidence, in that it was proved to the satisfaction of a jury that said directors made and caused to be published false repre-

sentations of the bank's solvency, which the plaintiff relied on to his damage.   Seale v. Baker, 70 Texas, 283; Bige. on Frauds, p. 5.

2.   The representation that the bank was a solvent concern by the admitted acts and undeniably authorized publications of its agents, makes it obvious that the admission of the book of the Bradstreet Agency containing its rating could not have affected the result, and its admission is therefore immaterial, being merely cumulative.   Stancell & Younger v. Cleveland, 64 Texas, 666; Dailey v. Starr, 26 Texas, 566.

3.   The obligation of the president and directors, if liable at all in an action for deceit, was for the bank's obligation in its entirety, and the bank's obligation was as much for interest as principal.

GAINES, ASSOCIATE JUSTICE.—This is a companion case to that of Seale v. Baker, reported in 70 Texas, 283, and of Giddings v. Baker, decided at a former day of this term.   The appellee, a depositor in the City Bank of Houston, sued the appellants as directors, alleging that he had been induced by false representations made by the defendants to deposit moneys in the bank, which by reason of its insolvency had been lost.   The allegations in the petition are substantially the same as those in the case of Seale v. Baker, *supra* 308.

We think there was error in the proceedings of the court below which requires a reversal of the judgment, and therefore in disposing of this appeal we will consider only such questions as may arise upon another trial.

It appeared during the course of the trial that when a receiver was appointed for the bank the plaintiff proved up his indebtedness against it, and that at the time of the trial he had received dividends amounting to 37½ per cent of his claim; and there was evidence tending to show that the assets if properly administered would pay a large portion of the debt in addition to the dividends previously paid.   Such being the evidence, the court instructed the jury that in the event they found for plaintiff the measure of his damages was the amount of the principal of his debt less the dividends paid him.   Both parties assign this charge as error.   The appellant contends, in effect, that the plaintiff was entitled to strict compensation of his loss only, and that this was properly measured by the amount of the deposit less the dividends paid, and also the value of the balance of the claim against the estate in the hands of the receiver.   The appellee claims that he is entitled to interest upon the amount of his deposit as a part of his damages.   We think the court erred, as is claimed by both appellants and the appellee in their respective assignments.   The defendants, if they made themselves liable by reason of the alleged representations, did not make themselves liable as sureties or guarantors of the plaintiff's debt.   They were wrongdoers and were liable only to make good his loss.   That loss was the difference between the amount of his deposit

and the value of his claim after the bank had closed its doors. Peck v. Derry, 21 Am. and Eng. Corp. Cases, 272; Whittier v. Collins, 15 R. I., 90. Consequently in our opinion the defendants were entitled to have the value of the claim subtracted from the amount of the deposit. A difficulty suggests itself: At what time ought the value of the claim against the bank to be assessed? In Peck v. Derry, *supra*, it is held that it ought to be assessed at the time the loss accrues, which in this case would be when the bank closed its doors. We think, however, when collections have been made, a more accurate and satisfactory measure of the damage is to deduct the payments and then the value of the claim at the time of the trial. The plaintiff's compensation will not be full without the allowance of interest, and we are of opinion that interest should be allowed as a part of the damages.

The appellants also present the following assignments of error:

7. The court erred in its general charge in instructing the jury that the defendants were liable "if, by their acts or by false representations generally, or to the plaintiff, to the effect that the bank was a sound financial institution, able to carry on and conduct the banking business, when in fact it was not, and was known to be by the directors, or ought to have been known to them, and would have been known to them had they exercised the care and diligence they could and should have exercised in reference to the affairs of such bank."

11. The court erred in giving the special charge No. 2 asked by the plaintiff, which declares the law to be that the plaintiff is entitled to the verdict, and that defendants are liable to him if they knowingly made, with intent to defraud the public generally, false representations of the solvency of the City Bank, without regard to whether plaintiff ever relied or acted upon such representations, and without regard to other facts, upon the existence of which the plaintiff's right to recovery was dependent.

12. The court erred in giving the special charge No. 5 asked by the plaintiff, to the effect that the law requires a verdict for the plaintiff if the defendants as directors of the City Bank made representations of the solvency of the bank while in a position to know the facts upon which plaintiff relied, without regard to whether the representations were false or not.

The charges were given as appellants complain in these assignments, and they are all erroneous as therein pointed out. But appellee insists that since the court gave other instructions in which the jury were distinctly told that plaintiff could not recover unless the representations were false, and unless he relied upon them and was induced thereby to deposit his money in the bank, the deficiency in the instructions complained of were cured, and therefore are not a ground for reversing the judgment.

It is a rule that in construing the instructions given by a court to a jury they will be taken as a whole, and one part may be looked to for the purpose of qualifying another. But does this rule apply when the jury are told in one instruction that if they find certain facts to exist they will find a verdict for the plaintiff, one of the facts necessary to a recovery being omitted, and when in another they are charged that the plaintiff can not recover unless the fact omitted in the previous charge be proved? We think not. Charges should be construed together and as correcting each other, and when not being contradictory both may stand together. But the instructions in this case are wholly irreconcilable. In one the jury are told in effect to find for the plaintiff although the alleged misrepresentations did not induce him to make the deposits in the bank; in another they are told that unless that fact be proved he can not recover. In one charge the jury are instructed in effect that the plaintiff may recover without reference to the truth or falsity of the representations, and in another they are told that he can not recover unless the representations be false. How are the jury to reconcile these contradictory charges? They are calculated at least to confuse; but perhaps the most serious objection to them is that they leave the jury free to follow either of the contradictory charges as their personal wishes or private feelings may dictate.

The defendants were entitled to an instruction that the plaintiff could not recover unless the representations were false, and unless he was induced thereby to make the deposit, without having their effect destroyed or meaning made doubtful by other instructions in which the jury were told in effect that the plaintiff might recover although these facts were not proved. A charge which instructs the jury to find for a plaintiff in the event they find certain facts proved by the evidence, and omits one of the facts essential to a recovery, is erroneous, and is not cured by a contradictory instruction given at the request of the other party which makes no direct reference to the erroneous charge. The erroneous charge ought to be withdrawn altogether or corrected by a qualification referring directly to it. Sullivan v. Railway, 88 Mo., 169.

The charge of the court complained of in appellant's ninth assignment of error, with reference to a certain deed in trust offered in evidence, was not applicable to any issue made in the case and was calculated to confuse the jury. It was proper to instruct the jury as to the purpose for which it was admitted in evidence. Giddings v. Baker, *supra* 308.

It was error to admit in evidence the testimony of D. C. Giddings as to the representations made to him by defendant Baker. These representations were not made to the plaintiff nor were they ever communicated to him. The only effect of the testimony was to prejudice the jury against Baker.

The defendants other than Baker complain of the action of the court in admitting in evidence against them the book and report of Brad-

street's Commercial Agency, and we are of the opinion that the testi-mony should not have been admitted. The book in giving the rating of the City Bank of Houston among other things contained a statement that it had a credit of $1,000,000. The statement was shown to have been made up by an agent of the publishers from all sources of informa-tion that were accessible to him, and it was also proved that the book was intended for the use of subscribers only. The plaintiff was not a subscriber, though he examined the book and read the statement in reference to the bank. The statement in the book of the Commercial Agency was not the representation of the defendants, and it was not made for the information of the plaintiff. For each of these reasons it should have been excluded. The appellee insists that the admission of the evidence if erroneous was harmless, but the fact that counsel in-sisted upon its admission, over the objection of defendants, indicates that at the time they considered that it would have a material influ-ence upon the deliberations of the jury.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 24, 1891.