Mc. A. PHIFER ET AL. v. MANSUR-TEBBETTS IMPLEMENT COMPANY.

Decided March 23, 1901.

**1.—New Trial—Judicial Discretion—Revision.**

The discretion involved in the granting of a new trial on account of newly discovered evidence is committed in the first instance to the trial court, and its conclusion will not be disturbed by the appellate court except where clearly wrong.

**2.—Same—Newly Discovered Evidence.**

A new trial will not be granted on the ground of newly discovered evidence which would not be admissible as original evidence.

**3.—Same—Evidence—Declarations of Agent.**

To be admissible as original evidence the declarations of the agent must be shown to have been authorized by the principal, or to have been made as part of the res gestae of the act or business committed to and performed by such agent.

Appeal from Comanche. Tried below before Hon. N. R. Lindsey.

*E. C. Gaines,* for appellants.

*Russell & Brightman* and *McCormick & Spence,* for appellee.

CONNER, CHIEF JUSTICE.—In a suit in trespass to try title appellee secured the verdict of a jury and judgment of the court for the title and possession of the south one-half of block No. 63 situated in Comanche, Texas, now claimed by appellants as a homestead. From such judgment appellants have prosecuted this appeal on the sole ground of alleged error by the trial court in overruling their motion for new trial predicated upon the newly discovered evidence shown by the affidavits made part of the motion.

Appellee claimed by virtue of a certain deed to the premises in controversy absolute in form, duly executed by Mc. A. Phifer and his wife, Nancy Phifer, on the 3d day of June, 1897. Appellants alleged that this deed, while absolute on its face, was in fact executed and delivered as a mortgage or security for a deferred payment of $600 to be made by said

Mc. A. Phifer on a certain thresher purchased from the appellee company through its agent, one T. A. Smith.

The evidence was conflicting on the issue stated. That the premises constituted the homestead of Mc. A. Phifer and wife seems clear, and there is evidence also tending to show that the real transaction was one in which said agent Smith sold Mc. A: Phifer a steam thresher for $1250, for which the latter's note for $650 and said deed to secure the remainder were accepted. But said Smith, whose deposition was read in evidence by appellants, testified that the deed was intended as a "straight sale," and in effect that said conveyance had been accepted as payment of the $600 therein named as the consideration, and not as security. The notary public who took the acknowledgment of Mc. A. Phifer and wife also testified to the same effect, and that it was so explained to and understood by appellants.

The newly discovered evidence relied upon is that shown by the affidavits of C. P. St. Clair and H. H. Vaughan and C. M. Davis. The affidavit of the two latter persons is to the effect that in June, 1898 (about one year after the execution of the deed in question), in the course of a conversation with said Smith he stated that Mc. A. Phifer had never paid a dollar on the thresher in question, but that he (Smith) "had a cinch" on him for a part of it; "that he has a lien on his place; * * * that he had fixed it so that he considered it safe by taking a 'straight deed' and then giving Phifer a lease contract providing for the payment of rent and agreeing to convey the place back to Phifer on payment of the sum the same stood for."

C. P. St. Clair stated in his affidavit that on the "occasion" of said sale to Mc. A. Phifer said Smith made his headquarters at affiant's business house, and "that on said occasion * * * Smith stated that he was selling Mc. A. Phifer said separator and engine, * * * and that he was taking as security for part payment on said machinery a mortgage or lien on the residence in which said Phifer lived, and when asked if such instrument would not be doubtful in its binding force, he said he thought Phifer had another homestead or another place, and that he thought the way he was arranging it would be valid and binding." St. Clair further states that "while I can not now remember the exact date (of the conversation), I do remember that it was on the occasion on which he made a sale of a separator and engine to Mc. A. Phifer, and I do not recollect of his being here at Comanche at any time soon after that."

The testimony further shows that the negotiation for the sale of the thresher was pending for a number of days, during which Smith went to Dallas to consult with the appellee's attorneys; he, Smith, having been informed that a mortgage could not be legally taken on Mc. A. Phifer's homestead. From Dallas he returned to Comanche with said deed and a lease contract giving Phifer the right to purchase, which instruments, after some two or three days further negotiations, were duly executed by the respective parties.

While appellate tribunals will not in a proper case hestitate to grant new trials on account of newly discovered evidence, yet the discretion involved is committed in the first instance to the trial court, and the conclusion reached by that court will not be disturbed except when clearly wrong. Railway v. Forsythe, 49 Texas, 178; Mitchell v. Bass, 26 Texas, 372; Railway v. Sciacca, 80 Texas, 356.

We feel unable to say that the trial court was clearly wrong in refusing a new trial in this instance. As shown by the record the evidence of H. H. Vaughan and C. M. Davis is inadmissible as original evidence, and upon this ground alone could the new trial have been granted. The evidence of C. P. St. Clair does not seem to be clearly within the rule. To be admissible as original evidence, the declaration of the agent must be shown to have been authorized by the principal, or to have been made as part of the res gestae of the act or business committed to and performed by such agent. In other words, the declaration of the agent, to bind the principal, must generally not only relate to the business then pending, but must also be such as is made during its continuance, et dum fervet opus. See 2 Whart. on Ev., sec. 1177; Mech. on Agency, sec. 715; Jacobs, Bernheim & Co. v. Cumby & James, White & W. Con. Cas., sec. 586. St. Clair's statement does not clearly show the time of the declaration of which he speaks; on the "occasion" when the sale of the thresher took place, in the light of the evidence, is quite indefinite. He does not certainly locate the time of the conversation as on the agent's first or second visit. He states that he does not remember that the agent was there within a week after, and this, as well as other expressions, perhaps indicates that the conversation was on the occasion of the agent's second visit when the sale of the thresher was consummated; but if that be admitted, it does not clearly appear whether it was at the time of, before, or after the final agreement or consummation of the sale. The wife refused to act for several days, and it is by no means clear that a casual conversation in this interim with a stranger to the transaction would bind the principal; besides, the declaration but tended to contradict the sworn statement of the agent introduced by appellant himself.

As stated, there is evidence tending to show that the deed was intended as security only, but there is evidence to the contrary, and there is no assignment questioning the sufficiency of the evidence to support the verdict and judgment, and on the entire record we therefore feel unable to say that the trial court was in error in overruling the motion for new trial.

The judgment is affirmed.

*Affirmed.*