INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v.
JOHN A. LEHMAN AND WIFE.

Decided January 22, 1902.

1.—Charge—Jury—Error.

The jury can not be supposed to have understood that a charge did not mean what it said because it laid down a proposition of law which was radically wrong and contradictory of the law announced in other parts of the instructions.

2.—Same.

A charge which stated that a railroad company was not responsible for injury to persons on its track which could not be avoided by ordinary care, but that this "would not excuse the running over a person upon the track," presented reversible error.

Appeal from the District Court of Milam County. Tried below before Hon. J. C. Scott.

*S. R. Fisher* and *J. H. Tallichet,* for appellant.

*Monta J. Moore* and *Hefley, McBride & Watson,* for appellees.

KEY, ASSOCIATE JUSTICE.—This is a statutory action by a father and mother to recover damages resulting from the death of their child, alleged to have been caused by the negligence of the railroad company.

We sustain the eleventh assignment, and reverse the judgment on account of affirmative error in the third paragraph of the trial court's charge to the jury, which reads as follows:

"3. The defendant, as a railroad company, had a right to run their trains upon the track, and are not responsible for injury done to persons on the same that could not be avoided by the use of ordinary and reasonable care and diligence. This, however, would not excuse the running over of a person on the track. It was the duty of the servants and agents of the defendant in charge of a running train on its track, at all times, and especially in passing through towns and villages, and in approaching crossing places on its track where people were accustomed to pass, to keep a lookout. It was also the duty of said servants and agents in running a train into and through a town or village, to operate the same at a rate of speed as a person of ordinary prudence would have done under similar circumstances."

The objection urged to this charge is that it instructed the jury that the use of ordinary and reasonable care and diligence by the defendant would not excuse the running over of a person on the track. This criticism is well founded. The second sentence in this charge must have been understood by the jury (because it can not properly be construed otherwise) as placing a limitation upon the right referred to, and the doctrine of nonliability announced in the preceding sentence. It is no answer to this construction of the charge to say that because it announced a proposition of law radically wrong, judges and lawyers might

reach the conclusion that the court did not mean what it said. Charges are written for the information of jurors, who are laymen; and, while presumed to be men of average intelligence, are not supposed to know whether a particular proposition announces a correct rule of law or not. It is true, as pointed out in the appellees' brief, that in other and subsequent portions of the court's charge, the law on the subject referred to was correctly stated; but in no place did· the. court refer to and withdraw or correct the error committed in the paragraph of the charge quoted above. This left the court's charge contradictory in different paragraphs, and the jury without any proper rule for their guidance. They could say that one paragraph of the charge read one way and another the opposite; and not knowing which was correct, they might select either or neither. Baker v. Ash, 80 Texas, 361; Railway v. Robinson, 73 Texas, 277; Pound v. Turck, 95 U. S., 461; Sullivan v. Railway, 88 Mo., 169.

We express no opinion upon the merits of the case as developed by the testimony, but decide against appellant on the other points of ·law presented in its brief.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*