FAVORS v. GULF, C. & S. F. RY. CO.

(Court of Civil Appeals of Texas. Austin. Oct. 25, 1911. Rehearing Denied Dec. 13, 1911.)

1. MASTER AND SERVANT (§ 228*)—INJURIES TO SERVANT—ACTIONS—INSTRUCTIONS.

In an action for personal injury sustained after the passage of the act of the Thirty-First Legislature providing that contributory negligence is not a complete defense and can only result in a diminution of the amount recovered, a charge that, if plaintiff's negligent act contributed to his injury, the verdict should be for the defendant, was erroneous.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 670; Dec. Dig. § 228.*]

2. TRIAL (§ 296*)—INSTRUCTIONS—ERRORS—CURE BY OTHER INSTRUCTIONS.

Though the main charge correctly announced the rule that contributory negligence was not a complete defense in a personal injury action, but could result only in the diminution of the amount recovered, a special charge, instructing the jury that, if plaintiff's negligent act contributed to his injury, there should be no recovery, was reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713; Dec. Dig. 296.*]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by J. A. Favors against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Wood & Wood and Odell & Johnson, for appellant. Terry, Cavin & Mills, Brown & Lockett, and Lee & Lomax, for appellee.

KEY, C. J. [1] This is a personal injury suit, which resulted in a verdict and judgment in favor of the defendant, and the plaintiff has appealed. The suit was brought, and the injury, if any, was sustained after the act of the Thirty-First Legislature, relating to the subject of contributory negligence, went into effect. By the terms of that act, in the class of cases to which it applies, contributory negligence is no longer a complete defense, and can only result in a diminution of the amount recovered. In this case in the main charge the trial court instructed the jury substantially in accordance with the statute referred to; but, upon request of the defendant, that court gave the following special charge: "Gentlemen of the Jury: If you believe from the evidence that the plaintiff placed his wrench on the nut at the time and place alleged, but that thereafter he violently and at once made a hard pull on said wrench, and that a person of ordinary prudence, under the same circumstances, would have first ascertained whether his wrench was properly adjusted on said nut before applying all of his strength, and that plaintiff's failure to so ascertain whether the wrench was properly adjusted proximately and solely caused or contributed to his injury, then you are instructed to find for the defendant."

The giving of the requested charge is assigned as error, and we sustain the assignment. The effect of that charge was to instruct the jury that, if the plaintiff was guilty of contributory negligence, he could not recover at all, and the verdict should be for the defendant. Such instruction not only contravened and contradicted the main

charge, but it conflicted with and nullified the statute to which we have referred.

[2] It is no answer to contend that the court gave the law correctly in its main charge, and therefore it is not probable that the jury was misled by the special instruction. A requested instruction, when given, is just as much a part of the law of the case as instructions contained in the charge prepared by the judge, and we have no right to assume that a jury has subordinated either to the other, unless the trial court has specially instructed that such should be done. While it is hardly necessary to cite authorities upon the proposition that conflicting instructions upon a material issue constitute reversible error, we merely state that Baker v. Ashe, 80 Tex. 356, 16 S. W. 36, has long been a leading case upon that subject.

We note the contention, urged on behalf of appellee, to the effect that the verdict and judgment are supported by such an overwhelming weight of testimony as to justify an affirmance notwithstanding the error complained of. If the plaintiff told the truth while on the witness stand, he was entitled to recover; and, while the defendant produced much testimony tending to break down and destroy his case, we hold that he was entitled to have it properly and fairly tried, which included a correct statement of the law applicable to the case.

Without holding it to constitute reversible error, we are disposed to concur in appellant's contention that the special charge referred to was erroneous, in that it assumed the existence of certain facts. In that respect, as well as the one already discussed, it can easily be changed upon another trial.

For the error committed in giving the special instruction referred to, and holding that no other error has been shown, the judgment is reversed, and the cause remanded.

Reversed and remanded.