RENFRO v. TEXAS CENT. RY. CO.

(Court of Civil Appeals of Texas. Austin.
Nov. 15, 1911. Rehearing Denied
Dec. 20, 1911.)

1. TRIAL (§ 243*)—INSTRUCTIONS—CONFLICT-
ING INSTRUCTIONS.

An instruction, in an action for injuries to
a passenger, which follows the petition and
authorizes a recovery if the carrier negligently
failed to stop the train a reasonably sufficient
length of time for the passenger to alight in
safety, or failed to assist the passenger to
alight, or failed to provide a step-box on which
he might alight, and a charge authorizing a
verdict for the carrier if it stopped its train
a reasonably sufficient time for the passenger
to alight, are conflicting, necessitating a re-
versal.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 564–565; Dec. Dig. § 243.*]

2. CARRIERS (§ 271*)—CARRIAGE OF PASSEN-
GERS—CONTRACTS.

A carrier who sells a passenger a ticket
to a station thereby contracts to transport him
to the station and to stop the train there long
enough to allow him a reasonable time to
alight.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 1067–1071; Dec. Dig. § 271.*]

3. TRIAL (§ 251*)—INSTRUCTIONS.

Where the court tried an action for in-
juries to a passenger on the theory of negli-
gence vel non, as to the failure of the carrier
to stop the train long enough to allow the
passenger a reasonable time to alight, the re-
fusal to charge that, if the trainmen failed to
stop the train a reasonably sufficient time for
the passenger to alight in safety, the failure
was negligence, was reversible error.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 587–595; Dec. Dig. § 251.*]

4. CARRIERS (§ 348*)—INJURIES TO PASSEN-
GERS—INSTRUCTIONS.

A charge, in an action for injuries to a
passenger while alighting, that if the passen-
ger alighted in safety, but continued to hold on
unnecessarily to the railing attached to the
coach, and was injured thereby, the verdict
must be for the carrier, is objectionable for
not requiring a finding that the passenger's
acts were negligent.

[Ed. Note.—For other cases, see Carriers,
Dec. Dig. § 348.*]

Appeal from District Court, Hill County;
W. C. Wear, Judge.

Action by W. W. Renfro against the Texas
Central Railway Company. From a judg-
ment for defendant, plaintiff appeals. Re-
versed and remanded.

Clarke & Black and Morrow & Morrow,
for appellant. W. E. Spell and Collins &
Cummings, for appellee.

KEY, C. J. This is a personal injury suit,
which resulted in a verdict and judgment for
the defendant, and the plaintiff has appealed.
[1] The first assignment of error complains
of the action of the trial court in giving a
special charge requested by the defendant,
by which the jury were instructed to find a
verdict for the defendant, if they believed
from the evidence that the defendant stopped
its train a reasonably sufficient time for the
plaintiff to alight therefrom. It is contended,
and correctly so, that the charge referred to
was in conflict with the main charge given
by the court, which followed the averments
in the plaintiff's petition, and authorized a
recovery if the defendant was guilty of neg-
ligence in failing to stop the train a reasona-
bly sufficient length of time for the plaintiff
to alight therefrom in safety, or in not as-
sisting the plaintiff to alight from the train,
or in failing to provide a step-box upon which
the plaintiff might alight. The court should
not have given these conflicting instructions.
Baker v. Ashe, 80 Tex. 356, 16 S. W. 36.

The second assignment complains of the
refusal of a charge requested by the plain-
tiff, instructing the jury that, if they believed
from the evidence that defendant's employés
in charge of its train failed to stop a reason-
ably sufficient time for the plaintiff to alight
in safety, such failure would be negligence.
As an original proposition we do not think
the court should have submitted any question
of negligence concerning the stopping of the
train a sufficient length of time to allow the
plaintiff a reasonable time to alight there-
from.

[2] By selling the plaintiff a ticket to the
station in question, the defendant bound it-
self by contract to transport him to that sta-
tion, and stop the train there long enough
to allow him a reasonable time to get off,
and, if it failed to allow him such reasonable
time, it breached its contract and became
liable for any injury resulting therefrom, re-
gardless of any question of negligence.

[3] However, as the court tried the case
upon the theory of negligence vel non as to
the failure to stop the train long enough to
allow the plaintiff reasonable time to disem-
bark, we think it should have given the spe-
cial charge requested by the plaintiff.

We overrule the third assignment, because
we do not think the testimony presented the
question of defendant's negligence in failing
to stop the train at a proper place. Nor did
it raise any question of negligence as to not
assisting plaintiff to alight from the train.

[4] The fourth assignment complains of
the action of the trial court in giving a spe-
cial instruction requested by the defendant,
which reads as follows: "If you believe
from the evidence that the plaintiff disem-
barked in safety from defendant's passenger
train at Fowler on the occasion in question,
but that after so disembarking he continued
to hold on unnecessarily to the iron railing
or guard attached to the coach at the place
where plaintiff disembarked, and you further
believe that plaintiff was injured, if you be-
lieve he was injured, by reason of his contin-
uing to hold unnecessarily to such railing,
then and in such event you will find a ver-
dict for the defendant." This charge is ob-
jected to upon the ground, among others, that

it required the jury to find for the defendant if it found that the plaintiff committed the acts therein referred to, without requiring a finding that such acts constituted negligence on the part of the plaintiff. We sustain that objection and hold that it was error to give that charge.

We do not think error was committed in giving the charge complained of in the fifth and last assignment.

On account of the errors pointed out in this opinion, the judgment is reversed, and the cause remanded.

Reversed and remanded.