MISSOURI, K. & T. RY. CO. OF TEXAS et al. v. ROGERS.

(Court of Civil Appeals of Texas. Austin. Nov. 29, 1911.)

1. APPEAL AND ERROR (§ 968*)—JURY (§ 85*)—REVIEW—DISCRETION OF TRIAL COURT —EXAMINATION OF JURORS—SCOPE.

Though the scope of the preliminary examination of jurors rests in the discretion of the trial judge, it may be reviewed by the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3843; Dec. Dig. § 968;* Jury, Dec. Dig. § 85.*]

2. JURY (§ 92*)—PRELIMINARY EXAMINATION —LAYING FOUNDATION FOR PEREMPTORY CHALLENGE.

The refusal of the trial court to permit the defendant to ask jurors on voir dire whether any of them were indebted to plaintiff's attorney was an abuse of discretion on the part of the trial court, for the defendant had the right to peremptorily challenge jurors,

and the question was proper to enable him to intelligently exercise that right.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 420–422; Dec. Dig. § 92.*]

3. CARRIERS (§ 227*) — CARRIAGE OF LIVE STOCK—ACTIONS—ISSUES.

In an action against a railroad for damages to a shipment of hogs, where there was no allegation that the hogs were injured by reason of delay, evidence that the shipment was not made as soon as agreed upon was irrelevant and improperly admitted.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 956; Dec. Dig. § 227.*]

4. APPEAL AND ERROR (§ 699*)—RECORD — QUESTIONS PRESENTED FOR REVIEW.

Where the record did not show that a requested instruction was presented to the trial court, and contained neither the signature of the trial judge nor any recital that requests were filed, the refusal of such request cannot be reviewed over objections of the appellee.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2929; Dec. Dig. § 699.*]

5. CARRIERS (§ 230*) — CARRIAGE OF LIVE STOCK—ACTIONS—INSTRUCTIONS.

In an action against a railroad for injuries to a shipment of hogs, an instruction that if the defendant failed to exercise ordinary care in the handling of the train so as to avoid unusual jarring, and if such jarring injured the hogs, then it would be liable, even though it transported the hogs with reasonable care and dispatch, was erroneous and misleading, though upon close analysis it might be construed as allowing a recovery either for the jarring or for delay.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 961; Dec. Dig. § 230.*]

6. TRIAL (§ 194*) — INSTRUCTIONS — WEIGHT OF EVIDENCE.

In an action against a railroad for damages to a shipment of hogs, some of which escaped from the stock pens and were recovered, an instruction that the hogs which escaped were not delivered with reasonable care and dispatch was not upon the weight of the evidence, for the animals were never delivered at all.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 465; Dec. Dig. § 194.*]

7. CARRIERS (§ 230*) — CARRIAGE OF LIVE STOCK—INSTRUCTIONS.

While a carrier of live stock is, in the absence of a special contract, bound only to transport shipments within a reasonable time after they are delivered to it, an instruction to that effect is improper in an action against such carrier, where there was a special contract to transport live stock within a stated time.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 961; Dec. Dig. § 230.*]

8. CARRIERS (§ 210*) — CARRIAGE OF LIVE STOCK—PROPENSITIES OF ANIMALS.

It is the duty of a railroad which transports hogs to provide stock pens reasonably calculated to prevent their escape, and, while a carrier of live stock is not liable for injuries caused by the inherent vice of the animals, the railroad is liable for an escape of hogs which rooted out of pens not reasonably calculated to hold them.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 924; Dec. Dig. § 210.*]

Appeal from Hays County Court; J. B. Wilson, Judge.

---

Action by W. J. Rogers, Jr., against the Missouri, Kansas & Texas Railway Company of Texas and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Fisher & Fisher and Baker, Botts, Parker & Garwood, for appellants. Will G. Barber and T. C. Johnson, for appellee.

JENKINS, J. Appellee brought suit to recover damages alleged to have been sustained through the negligence of appellants to a shipment of hogs from Seguin to Fowcete, alleging that by reason of insufficient pens at Seguin five head of hogs escaped and were lost, and by reason of the manner in which said hogs were shipped plaintiff was damaged in the amount sued for. Judgment for appellee for the sum of $384.13.

[1, 2] 1. The first assignment of error is as to the refusal of the court to allow the appellant Galveston, Harrisburg & San Antonio Railway Company to inquire of the persons summoned to serve as jurors as to whether or not any of them were indebted to plaintiff's attorney for any money. If such had been the fact, it would not have been cause for challenge; but the privilege of peremptory challenge given by the statute is a valuable one, and a party has the right to inquire of the jurors as to such matters as would enable him to intelligently exercise such privilege. This inquiry is within the discretion of the judge, but it is a legal discretion, subject to review; and while the inquiry should be kept within proper bounds, and an impertinent and irrelevant question should not be permitted, yet we think the question propounded was a proper one, the answer to which might well influence a party in making peremptory challenges. Proverbs, xxii, 7; Davis v. Bank, 29 S. W. 926; Saller v. Friedman Bros., 130 Mo. App. 712, 109 S. W. 796; Stone v. Const. Co., 135 Ky. 659, 117 S. W. 369; Marrow v. State, 56 Tex. Cr. R. 519, 120 S. W. 419.

[3] 2. A witness was permitted, over objection of appellants, to state that it was cold and raining at Seguin during the late afternoon and night preceding plaintiff's shipment out of that station. The evidence shows that appellants contracted to ship the hogs from Seguin by 5 or 6 o'clock in the evening, and that they did not get them out until next morning; but there was no allegation that the hogs were injured by reason of such delay, for which reason it was error to admit such testimony. Lumber Co. v. Lee, 7 Tex. Civ. App. 522, 27 S. W. 161; Middlebrook v. Zapp, 73 Tex. 31, 10 S. W. 732.

[4] 3. Appellants requested special charges Nos. 4 and 7, to the effect that the jury should disregard the evidence as to damages by reason of delay in the shipment. Appellee objects to a consideration of special charge No 4, because it does not appear from the record that the same was presented to the court, and either given or refused. In this connection, we wish to say that the clerk has not properly made up the record as to any of the special charges. With the exception of No. 4, he has simply written under the requested charge "given," or "refused"; but the record does not show the signature of the presiding judge, nor that any of the special charges were filed. No objection is made, however, to any of these charges except as to No. 4. In the state of the record we cannot consider special charge No. 4 as having been requested. Special charge No. 7, however, should have been given.

[5] 4. Error is assigned on the charge of the court from which we make the following excerpt: "If either of the defendants failed to exercise ordinary care in the handling of the train to avoid any unnecessary and unusual jarring or jolting of the cars, and if as the direct and proximate result thereof injury occurred to the animals, then for such injury the defendant failing to exercise such care would be responsible to plaintiff, even though it transported and delivered the hogs with reasonable care and dispatch." Appellee insists that the whole charge, taken together, shows that the court meant to instruct the jury that they could find for appellee as to damages which may have been suffered by delay in transportation and as to damages which may have been suffered by reason of the rough manner in which the animals were transported, and that these items of damages were to be considered separately, and that the words, "even though it transported and delivered the hogs with reasonable care and dispatch," were meant to instruct the jury that they could allow damages for rough handling, although there was no delay. The charge may, upon careful and ingenious analysis, admit of this construction, but we think that to the apprehension of a jury the charge was contradictory and confusing, and that giving the same was error. Baker v. Ashe, 80 Tex. 356, 16 S. W. 36; Gonzales v. Adoue, 94 Tex. 124, 125, 58 S. W. 951; Kirby v. Dickerson, 42 Tex. Civ. App. 504, 94 S. W. 155, 156; Railway Co. v. Anderson, 124 S. W. 1003; Poultra v. Martin, 135 S. W. 728; Railway Co. v. Warner, 88 Tex. 642, 32 S. W. 868. In Edwards v. Dickson, 66 Tex. 613, 2 S. W. 718, Mr. Justice Gaines, speaking for the court with reference to the charge in that case, said: "This is in conflict with a previous paragraph of the charge, and, however one learned in the law might construe the several paragraphs upon this branch of the case when taken together, it is clear that the particular instruction under discussion was calculated to mislead the jury to appellant's prejudice, and is reversible error."

[6] 5. Appellants complain of the charge of the court as to the measure of damages for the hogs alleged to have been lost at the

station of Seguin, alleging that said portion of the charge is on the weight of the evidence, in that it, in effect, instructs the jury that the hogs were not delivered with reasonable care and dispatch. This is true as to the hogs that escaped. They were not delivered at all, and therefor were not delivered with reasonable care and dispatch. This part of the charge relates only to the hogs that escaped and was not error.

[7] 6. Appellants, under their twelfth assignment of error, submit the following proposition: "In the absence of a special contract, the carrier of live stock rests under the duty only of forwarding and transporting the shipments delivered it within a reasonable time after delivery; and, where it forwards the shipment in the first available train, it has complied with the requirements imposed by law." While this is a correct proposition of law, it is not applicable to the facts of this case, inasmuch as the plaintiff alleged a special contract to ship said hogs out by 5 or 6 o'clock in the evening, and the evidence sustains this allegation and shows that they were not shipped out until the next morning. Said charge should not have been given for the further reason that plaintiff did not allege any damages by reason of delay in beginning said shipment. Damages were claimed for delay after said shipment began.

[8] 7. Appellants complain of the refusal of the court to give special charge No. 5, requested by them, as follows: "In this case you are instructed that under and by virtue of the third stipulation of the contract of shipment entered into between plaintiff and the defendant, the Galveston, Harrisburg & San Antonio Railway Company, plaintiff expressly agreed to hold said defendant harmless against all damages, loss, or injury which said shipment may have sustained by reason of the stock being injured by their inherent viciousness or natural propensities; and in this connection you are further instructed that, if from the evidence you find the hogs, alleged to have been lost at the station of Seguin by reason of their natural and inherent characteristics and propensities, rooted out of the pens in which they were placed and escaped, that this is a matter for which the plaintiff cannot recover." The abstract proposition of law contained in the charge is correctly stated therein, but it does not follow that, because it is the natural propensity of hogs to root, appellants would not be responsible for their rooting out of the pens. Such propensities must be presumed to have been known to appellant, for which reason it was the duty of appellant, in the exercise of ordinary care, to provide pens reasonably calculated to hold the hogs, notwithstanding such propensities. The evidence in this case seems to indicate that appellants were neg-ligent in not furnishing pens which were reasonably calculated to hold the hogs.

For the reasons herein stated, the judgment in this case is reversed, and this cause remanded for a new trial.

Reversed and remanded.