GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. STATE OF TEXAS.

No. 3113. Decided November 19, 1919.

(216 S. W., 393; 218 S. W., 361.)

1.—Railways—Penalty—Water-Closets—Question of Fact.

Where water-closets maintained by a railway were not situated in its passenger depot, the town having no sewer system, but at a distance of 524 feet therefrom, these could not be pronounced by law to be within a reasonable and convenient distance from the depot within the meaning of the statute (Rev. Stats., art. 6592). Whether or not they were so was a question of fact for the jury. (P. 130).

2.—Same—Charge of Court—Alternative.

In a suit against a railway company to recover penalties for failure to comply with article 6592, Revised Statutes, where the closets provided were not in or connected with the depot, but situated 524 feet therefrom, an instruction to find for the State if the jury found that defendant failed to maintain such closets at or within its passenger depot or that it failed to maintain same within a reasonable and convenient distance from the depot, was erroneous in that it required a verdict against defendant on a finding that the closets were not maintained at or in the depot, the true and only issue being whether they were at a reasonably convenient distance. (Pp. 130, 131).

**3.—Same—Conflicting Charges.**

Where the charge contains affirmative error it is not cured by a conflicting instruction presenting the correct rule.   (P. 131).

**4.—Same—Verdict.**

A verdict finding penalties against a railway "for not having their closets at a convenient place" did not cure error in a charge which made them liable if that place was not in the depot.   Convenient, in its common meaning of "easy of access," the jury might have considered limited to closets within the depot, while the requirements of the statute were only that they should be within a reasonable and convenient distance therefrom.   (P. 131.

On Motion For Rehearing.

**5.—Same—Dissenting Opinion.**

Mr. Justice Hawkins, on motion for rehearing, which was overruled *per curiam*, dissents from the judgment, being of opinion that the charge, properly construed, as applied to the issue raised by the evidence, is not affirmatively erroneous, and, at least in view of the other and correct instructions given, not likely to have misled the jury, and by the language of their verdict was shown not to have done so.   (Pp. 131-136).

Error to the Court of Civil Appeals for the First District, in an appeal from Fayette County.

The State sued the Railway Co. for statutory penalties and recovered judgment.   On its affirmance on appeal by defendant (194 S. W., 462) it obtained writ of error.

*C. D. Krause, Lane, Wolters & Story,* and *Baker, Botts, Parker & Garwood,* for plaintiff in error.—The sole issue, as held by the Court of Civil Appeals, was whether or not the water-closets were within a reasonable and convenient distance from the passenger depot.   If they were, then plaintiff in error had complied with the law.   It was not incumbent upon plaintiff in error to meet every one of the conditions specified in the law, and it was, therefore, prejudicial and reversible error for the court to have submitted to the jury any of the other requirements of the law, and require it, as the trial court, by said charge did do, to find whether or not plaintiff in error had complied therewith.   The verdict of the jury was responsive to the erroneous instruction, complained of, and the Court of Civil Appeals erred in not, for that reason, setting the judgment of the trial court aside.   G., C. & S. F. Ry. Co. v. Thompson, 35 S. W., 319;   S. A. & A. P. Ry. Co. v. Robinson, 73 Texas, 277, 11 S. W., 327;   T. & B. V. Ry. Co. v. Lunsford, 160 S. W., 677;   Western Union Tel. Co. v. Cathey, 166 S. W., 714;   Baker v. Ashe, 80 Texas, 356;   M. K. & T. Ry. Co. v. Rodgers, 89 Texas, 675.

As matter of law there was no evidence to support the verdict, the evidence failing to bring plaintiff in error within the spirit or letter of the statute according to the constitutional construction of

the statute. State v. T. & P. Ry. Co., 154 S. W., 1159; State v. I. & G. N. Ry. Co., 179 S. W., 867; Murphy v. G. H. & S. A. Ry. Co., 96 S. W., 940; Eagle Pass Lumber Co. v. G., H. & S. A. Ry. Co., 164 S. W., 402; San Antonio Brewing Ass'n v. Wolfshol, 155 S. W., 647; M., K. & T. Ry. Co. v. Moses, 144 S. W., 1037; Flores v. A., T. & S. F. Ry. Co., 66 S. W., 709.

*E. H. Moss,* County Attorney, for defendant in error.—It would have been error for the court to have permitted defendant in error to introduce evidence showing that the distance from the passenger depot to the toilet was inconvenient and unreasonable, because the jurors were as competent as any other person to deduce a proper conclusion from the given state of facts. Radam v. Capital Microbe Des. Co., 81 Texas, 122, 26 Am. St., 783; Shelley v. Austin, 74 Texas, 608; Kennedy v. Upshaw, 66 Texas, 442; Galveston etc. Ry. Co. v. Sweeney, 6 Texas, Civ. App., 173, 24 S. W., 947; Cooper v. State, 23 Texas, 331; Locke v. I. & G. N. Ry. Co., 25 Texas Civ. App., 145, 60 S. W., 314; I. & G. N. Ry. Co. v. Kuehn, 2 Texas Civ. App., 210, 21 S. W., 58.

Paragraph 2 and 3 of the court's main charge submitted all the issues to be decided in the case. It might have been proper for the court to have decided that the railway company failed to maintain at its station, or within its passenger depot, or in connection therewith, suitable and separate watercloses, etc., rather than to submit it to the jury. But inasmuch as the court did not decide the issue but submitted it to the jury, this is a matter about which the plaintiff in error has no right to complain.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

In this action the State recovered of plaintiff in error penalties of $5,000 for failure to comply, at Flatonia, with Article 6592, Vernon's Sayles' Texas Civil Statutes.

The facts were not such as to authorize the court to instruct a verdict for plaintiff in error.

With a right of way 150 feet wide on each side of the track, and a distance of some 225 feet from the passenger depot to Penn Avenue, which is 80 feet wide, and a distance of some 219 feet from Penn Avenue to the water-closets, making an aggregate distance of some 524 feet between the depot and the closets, it cannot be found, as a conclusion of law, that the closets were within a reasonable and convenient distance of the depot. It was for the jury to say, under the above recited facts and all others in the record, whether the closets were within a reasonable and convenient distance.

The case presented no other issue of fact. Nevertheless, the court instructed the jury to find a verdict for the State if they

found that the Railway Company failed and neglected to maintain at its station, or depot, or within its passenger depot, suitable and separate water-closets, or if they found that the Railway Company failed and neglected to maintain such closets, within a reasonable and convenient distance from the depot. Since the uncontradicted evidence showed that the Railway Company had failed and neglected to maintain any closets within its passenger depot, the first part of this charge was virtually an instruction to find for the State, regardless of how the real issue in the case might be determined. This error was not cured by the contradictory instruction to find for defendant, if the closets were within a reasonable and convenient distance from the station. Baker v. Ashe, 80 Texas, 361, 16 S. W., 36; Missouri K. & T. Ry. Co. v. Rodgers, 89 Texas, 680, 36 S. W., 243.

The difference is patent between what is a convenient place at Flatonia and what is a reasonable and convenient distance from the passenger depot at Flatonia. As applied to water-closets for persons at a railroad station, a convenient place for same would be within the passenger depot, giving to the word convenient its common meaning of easy of access. In comparison with closets within the depot, those without same would not be at a convenient place. But, the statute's requirements are met by closets without the depot and within a reasonable and convenient distance therefrom. However convenient the location within the depot, such location would be neither reasonable nor sanitary in a town like Flatonia without a sewer system. Hence the jury's verdict that the Railroad Company was found "guilty for the sum of $5,000 for not having their closets at a convenient place at Flatonia, Texas" does not find the facts essential to support the imposition of penalties on plaintiff in error, under the statute, and under the true and single issue in this case.

It follows that the judgments of the District Court and of the Court of Civil Appeals should be reversed and the cause remanded to the District Court for a new trial, and it is so ordered.

ON MOTION FOR REHEARING.

Mr. Justice HAWKINS, dissenting from a ruling *per curiam* overruling the motion, delivered the following opinion.

In considering the motion for a rehearing I have given to the record a more careful scrutiny, and to the question presented a more careful study, than they received, before, from me. As a result I am convinced that this court's disposition of the cause, as set out in its opinion by Mr. Associate Justice Greenwood 216 S. W., 393), reversing and remanding, was erroneous. The error resulted, principally, from what I consider a misconstruction of the charge to the jury. That error is obvious, in the light of the

language of the statute upon which the State's suit against the railway company for penalties is based, and of the instructions which were given to the jury. It will be observed that none of the language of either is set out in said opinion. Said statute is as follows:

"Art. 6592. Each railroad and railway corporation operating a line of railway in the State of Texas for the transportation of passengers thereon are (is) required to construct and maintain, and keep in a reasonably clean and sanitary condition, suitable and separate water-closets or privies for both male and female persons at each passenger station on its line of railway, either within its passenger depot or in connection therewith, or within a reasonable and convenient distance therefrom at such station for the accommodation of its passengers who are received and discharged from its cars thereat, and of its patrons and employees who have business with such railroads and corporations at such station."

The material portions of the instructions to the jury, including the main charge and a requested special charge, were as follows:

"2. If you find . . . that the defendant . . . failed and neglected to maintain, at its station or depot, or within its passenger depot, or in connection therewith, or within a reasonable and convenient distance therefrom, suitable and separate water-closets . . . then you will find a verdict in favor of the plaintiff, the State of Texas . . .; and, if you do not so find . . . you will find for the defendant."

"3. If you find . . . that the defendant railway company had constructed and maintained suitable and separate water-closets . . . within a reasonable and convenient distance from, its passenger station and depot at Flatonia, Fayette County, Texas, you will find for the defendant."

Special charge given at request of defendant railway company:

"You are instructed that, as the law of this case, according to the undisputed testimony, the defendant has mantained and constructed suitable and separate closets or privies for male and female persons near its passenger station at Flatonia, Texas, and has maintained the same since September 12, 1909, and the only question for you to determine in this case is whether or not it has constructed and maintained the same within a distance reasonable and convenient to its patrons and employees, and if you find it to be within reasonable and convenient distance from such station you will find for the defendant.

The obvious purposes of the statute are to require both that the designated conveniences be located at some one of the stipulated places, and that, as among them, the railway company shall be free to select the location. It would be absurd to say that a statutory provision that the railway company shall maintain designated conveniences at this, *or* that, *or* another, stipulated place, requires that

such conveniences be maintained at any particular one of such places. Likewise, it would seem unreasonable to hold or say that a charge instructing the jury, in substance, that the railway company is liable for the statutory penalty if it failed to maintain such conveniences *in the first statutory location* "or" *in the second statutory location* "or" *in some other statutory location,* practically deprives the railway company of its permissive right, under the statute, to exercise its option in determining at which one of such statutory places it will maintain such conveniences.

It is an uncontroverted fact that the only water-closets constructed or maintained by defendant in, at, or near, said depot, were located some 524 feet from it, beyond Penn Avenue. The only issue of fact was as to whether they were within "a reasonable and convenient distance" from said depot; whereupon arose the duty of the trial court to submit that single issue to the jury for determination. It was, of course, the duty of the court to submit that issue through a written charge, presenting the law of the case, as applicable to the facts in the light of the evidence, and in such manner and form as reasonably and probably would not confuse or mislead a jury of ordinary intelligence. Does the charge, as a whole, including said special instruction given at defendant's request, measure up to that standard? I think it does, although it needlessly incorporates references to other statutory locations as to which no issue was raised by the evidence; and upon that view, mainly, this dissent is based. Upon the contrary view, as to the meaning of paragraph 2 of said charge, and as to the probable effect of the charge, as a whole, is founded said opinion of this court—in which I no longer concur—and the action of the court in overruling said motion.

The construction which said opinion places upon said charge is reflected in the declaration in said opinion that "the court instructed the jury to find a verdict for the State if they found the Railway Company failed and neglected to maintain at its station, or depot, or within its passenger depot, suitable and separate water-closets, or if they found that the Railway Company failed and neglected to maintain such closets, within a reasonable and convenient distance from the depot."

Upon its face, said opinion appears to be sound. In other words, if the fair and reasonable meaning of the above quoted paragraph 2 of the charge is, indeed, as so reflected by said opinion, that paragraph is in conflict with said paragraph three of the charge, and with the said special instruction given at defendant's request, and, as a consequence, the judgment of both lower courts, carrying into effect the verdict of the jury, should be reversed, and the cause remanded for a new trial, under a proper charge to the jury. In no other way can the integrity of trial by jury, in pursuance of a

right guaranteed by the organic law of the land, be maintained. The *virus* in an essentially erroneous charge to the jury is seldom, if ever, wholly counteracted by a proper charge upon the same issue. That rule· of reason has been crystallized into a settled rule of practice, with which I am in full sympathy. San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 277, 11 S. W., 327. But, very clearly, in the light of this record, the charge here under review does not involve such contradiction, and, as a consequence, said rule of practice is inapplicable. Application of it, in this instance, amounts, I think, to chasing shadows instead of grasping substance, and operates unreasonably and unjustly, thwarting, or at least unnecessarily delaying, due enforcement of said statute.

The statutory duty of the railway company was to construct. maintain and keep, in proper condition, the stated conveniences at each station, ''either within its passenger depot or in connection therewith, or within a reasonable and convenient distance therefrom.'' The requirement is, not that such conveniences shall be at such first place, nor that they shall be at such second place, nor that they shall be at such third place, but merely that they shall be at some one of those three places. The location may be first, within such depot, or second, in connection with it, or, third, within a reasonable and convenient distance from it. Having that merely .alternative requirement of the statute in mind, the trial court charged the jury as set out in paragraph 2 of the main charge, *alternatively,* coupling all references to locations by the word ''or,'' thus: ''at its station or depot, or within its passenger depot, or in connection therewith, or within a reasonable distance therefrom,'' substantially in the language of the statute. Paragraph 2 does not say, and, to my mind, does not reasonably or fairly imply, as indicated in the opinion of this court, that the jury should find against the defendant if the closets were not at the station, or depot, or within its passenger depot,'' and that, likewise, and as a separate independent and co-ordinate proposition, the jury should find against the defendant if the closets were not ''within a reasonable or convenient distance from said depot.'' All references in said paragraph 2 to locations are strung together by the disjunctive conjunction, following the one single reference to *failure and neglect to maintain.* The verbs, ''failed and neglected,'' are not *repeated,* as they are in the above quoted portion of the opinion of this court construing said paragraph 2. Had those verbs been so repeated, the meaning of that paragraph, when considered alone, would have been as declared in said opinion of this court; but, in the absence of such repetition *between* the references to locations, the fair and reasonable effect and meaning of said paragraph 2 is, merely, that the jury shall find for the State if the railway company had *wholly* failed in

performance of said statutory duty, in that the closets were not in *any* of said statutory locations.

Consequently, paragraph 2 was in harmony with paragraph 3, wherein the court instructed the jury, in substance, to find for the railway company if said closets were "within a reasonable and convenient distance" from said depot. Likewise, said paragraph 2, and the main charge as a whole, including both paragraphs 2 and 3, were in harmony with the special charge, given at the request of the railway company, wherein the jury were instructed, in substance, that "the only question" to be determined was whether the only closets, concededly situated beyond Penn Avenue, were "within a distance reasonable and convenient," from said station, and that, if they were, the jury should find for the railway company.

In a comparatively recent case, this court, through former Associate Justice Yantis, said: "We recognize the rule that ordinarily the charge is to be construed as a whole, and that one part may often be looked to for the purpose of qualifying another part of the charge." Nussbaum & Scharff v. Trinity & B. V. Ry. Co., 108 Texas, 411, 194 S. W., 1101. In the present instance, there being, certainly, no necessary contradiction or inconsistency presented in the instructions to the jury, the hereinabove stated natural and reasonable meaning and effect of said paragraph 2 thereof is made perfectly clear by said paragraph 3 and by the above quoted special charge, separately, and together.

When considered as a whole the instructions given to the jury, which were, in substance: first, to find for the plaintiff unless the defendant's closets were *in one or in another or in still another statutory location;* and, second, to find for the defendant if its closets were within a reasonable and convenient distance from the passenger depot; and, third, that the *only question* for determination by the jury was whether defendant's closets were within a reasonable and convenient distance from said depot, and, if they were, to find for defendant, fairly presented to the jury the law of the case, and were not calculated to confuse or mislead a jury of ordinary intelligence on the only issue of fact raised by the evidence.

I do not believe that, justly or correctly, it may be said that the court submitted to the jury an issue involving, *solely,* an inquiry as to whether defendant had constructed and maintained closets *within, or in connection with, the depot*—a question which, concededly, was not raised by the evidence. However, even if that was the effect of the charge, the error was favorable to the railway company, and, under the evidence, could not have harmed it, Rule 62a.

The verdict of the jury, while not strictly in the language of the statute, should be read and construed in the light of the pleadings, and of the evidence, and of the charge of the court as a whole, and thus unmistakably indicates that the jury fully understood each and

all of the instructions given them by the court, and clearly compre-
hended the single issue which, thereby, they were required to de-
termine, and that they meant to find, and did find, thereon, against
the defendant.  Shiffet v. Morelle, 68 Texas, 382, 4 S. W., 844; San
Antonio Traction Co. v. Corley, 154 S. W., 621, writ of error refused.

Under all the circumstances disclosed by· the record in this
case, the verdict of the jury and the judgments of the lower courts,
carrying it into fair and reasonable effect, should, I think, be al-
lowed to stand.

For the opinion of the Court of Civil Appeals, which is in har-
mony with the views hereinabove expressed by me, see 194 S. W.,
462.

*Reversed and remanded.*