(110 Tex. 128)

GALVESTON, H. & S. A. RY. CO. v. STATE. (No. 3113.)

(Supreme Court of Texas. Nov. 19, 1919.)

1. RAILROADS ⊚⇒254(6)—FAILURE TO PROVIDE WATER-CLOSETS; QUESTION FOR JURY.

In an action for penalties for failure to comply with Vernon's Sayles' Ann. Civ. St. 1914, art. 6592, whether water-closets 524 feet from a depot in a town without sewers were within a reasonable and convenient distance *held* for the jury.

2. APPEAL AND ERROR ⊚⇒1064(2)—TRIAL ⊚⇒ 194(9) — PREJUDICIAL ERROR IN INSTRUCTIONS; INVADING PROVINCE OF JURY.

In action by state against railroad for penalties for failure to comply with Vernon's Sayles' Ann. Civ. St. 1914, art. 6592, an instruction to find for the state, if the railway company failed to maintain at its station or within its passenger depot suitable and separate water-closets, or if they found that the railroad company failed to maintain such closets within a reasonable and convenient distance from the depot, was erroneous and prejudicial, where the real issue was whether the closets were in a reasonable distance from the station, and the uncontradicted evidence showed that the railway did not have any closets within its passenger depot; the first part of the charge being virtually an instruction to find for the state, regardless of how the real issue in the case might be determined.

3. TRIAL ⊚⇒296(2)—INSTRUCTIONS; CURE OF ERROR BY OTHER INSTRUCTION.

In action to recover penalties for failure of railway to comply with Vernon's Sayles' Ann. Civ. St. 1914, art. 6592, an instruction to find for the state if defendant failed and neglected to maintain at its station or depot, or within its passenger depot, suitable and separate water-closets, or if they found that the railroad company failed to maintain such closets within a reasonable and convenient distance from the depot, was not cured by a contradictory instruction to find for defendant if the closets were within a reasonable and convenient distance from the station.

4. RAILROADS ⊚⇒254(6) — WATER-CLOSETS; VERDICT AS TO FAILURE TO PROVIDE.

In an action for penalties for failure to comply with Vernon's Sayles' Ann. Civ. St. 1914, art. 6592, a verdict that defendant was guilty of not having their water-closets at a convenient place at the town named, which was without sewers, did not find the facts essential to support the imposition of penalties.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by the State against the Galveston, Harrisburg & San Antonio Railway Company. There was a judgment for the State, which was affirmed in the Court of Civil Appeals (194 S. W. 462), and defendant brings error. Reversed and remanded.

C. D. Krause, of La Grange, and Lane, Wolters & Storey and Baker, Botts, Parker & Garwood, all of Houston, for plaintiff in error.
E. H. Moss, of La Grange, for the State.

GREENWOOD, J. In this action the state recovered of plaintiff in error penalties of $5,000 for failure to comply, at Flatonia, with article 6592, Vernon's Sayles' Texas Civil Statutes. The facts were not such as to authorize the court to instruct a verdict for plaintiff in error.

[1] With a right of way 150 feet wide on each side of the track, and a distance of some 225 feet from the passenger depot to Penn avenue, which is 80 feet wide, and a distance of some 219 feet from Penn avenue to the water-closets, making an aggregate distance of some 524 feet between the depot and the closets, it cannot be found, as a conclusion of law, that the closets were within a reasonable and convenient distance of the depot. It was for the jury to say, under the above-recited facts and all others in the record, whether the closets were within a reasonable and convenient distance.

[2, 3] The case presented no other issue of fact. Nevertheless the court instructed the jury to find a verdict for the state if they found that the railway company failed and neglected to maintain at its station, or depot,

---

or within its passenger depot, suitable and separate water-closets, or if they found that the railway company failed and neglected to maintain such closets within a reasonable and convenient distance from the depot. Since the uncontradicted evidence showed that the railway company had failed and neglected to maintain any closets within its passenger depot, the first part of this charge was virtually an instruction to find for the state, regardless of how the real issue in the case might be determined. This error was not cured by the contradictory instruction to find for defendant, if the closets were within a reasonable and convenient distance from the station. Baker v. Ashe, 80 Tex. 361, 16 S. W. 36; M., K. & T. Ry. Co. v. Rodgers, 89 Tex. 680, 36 S. W. 243.

[4] The difference is patent between what is a convenient place at Flatonia and what is a reasonable and convenient distance from the passenger depot at Flatonia. As applied to water-closets for persons at a railroad station, a convenient place for same would be within the passenger depot, giving to the word "convenient" its common meaning of "easy of access." In comparison with closets within the depot, those without same would not be at a convenient place. But the statute's requirements are met by closets without the depot and within a reasonable and convenient distance therefrom. However convenient the location within the depot, such location would be neither reasonable nor sanitary in a town like Flatonia, without a sewer system. Hence the jury's verdict that the railroad company was found "guilty for the sum of $5,000 for not having their closets at a convenient place at Flatonia, Texas," does not find the facts essential to support the imposition of penalties on plaintiff in error, under the statute and under the true and single issue in this case.

It follows that the judgments of the district court and of the Court of Civil Appeals should be reversed, and the cause remanded to the district court for a new trial, and it is so ordered.