BOYER GONZALES ET AL. v. ADOUE & LOBIT.

No. 935.   Decided October 25, 1900.

1. **Voluntary Conveyance—Existing Debt.**

Where the debt existing at the making of a voluntary deed (by the debtor to his wife) is paid by the debtor, no debt subsequently created between the same parties, although in the transaction of the same character of business, will be considered as a debt existing at the date of the conveyance, and it is error to admit evidence of such subsequent debts to impeach the deed. (P. 124.)

2. **Contradictory Charges.**

An erroneous charge is not corrected by giving, elsewhere, a correct charge on the subject which does not refer to the erroneous one. (P. 125.)

3. **Same—Deed—Delivery.**

A charge requiring defendants to prove that a deed under which they claimed was not only delivered and accepted, but was intended by the grantor to become operative as a conveyance, was error which was not cured by another charge, not referring to it, authorizing a verdict for defendant on proof of facts showing presumptive delivery and acceptance. (Pp. 124-126.)

4. **Same.**

The intent of a grantor to pass title, apparent from the terms of his deed, is not required to be proved where delivery and acceptance are shown. (P. 125.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from Galveston County.

Adoue & Lobit sued Boyer and Julian Gonzales, executors, and others, the heirs of Thomas and Elizabeth B. Gonzales, and obtained judgment. Defendant appealed and upon affirmance obtained writ of error.

*Harris & Harris,* for plaintiffs in error.—The Court of Civil Appeals erred in its conclusion that the deed of Thomas Gonzales to his wife, date April 25, 1890, was never delivered. Towery v. Henderson, 60 Texas, 291; Sadler v. Anderson, 17 Texas, 255; Tuttle v. Turner, 28 Texas, 775; Hubbard v. Cox, 76 Texas, 242; Brown v. Brown, 61 Texas, 56; Ayres v. Duprey, 27 Texas, 607; Bennett v. Cocks, 15 Texas, 67; McCartney v. McCartney, 55 S. W. Rep., 310; Iglehart v. Downs, 19 Texas, 243; Gibson v. Hill, 23 Texas, 77; Austin v. Talk, 20 Texas, 165; Shropshire v. Doxey, 25 Texas, 128; Gaines v. Ann, 26 Texas, 340; Willis v. Lewis, 28 Texas, 185; Ector v. Wiggins, 30 Texas, 55; McAfee v. Robertson, 41 Texas, 355; Zapp v. Michaelis, 58 Texas, 270; Pilcher v. Kirk, 60 Texas, 162; Railroad v. Schmidt, 61 Texas, 282; Chandler v. Meckling, 22 Texas, 42; Tackaberry v. Bank, 85 Texas, 496; Moore v. Association, 92 Texas, 266.

The court erred on the trial of said cause in giving the following charge at the request of plaintiffs: "And I further instruct you that even if such was Thomas Gonzales' intention, the deed would still not be valid until delivered to the grantee and accepted by her; and the burden of proof is upon the defendants to show by preponderance of evidence that Thomas Gonzales actually intended the deed to become operative as a conveyance, and that it was delivered to grantee and accepted by her." Because the uncontradicted evidence in this case shows that Thomas Gonzales duly executed and acknowledged said deed in A. D. 1890; and that the deed was found after the death of both Thomas Gonzales and Edith Boyer Gonzales, in the private iron box of the said Edith Boyer Gonzales, where she kept her private papers and title deeds; and this evidence introduced by defendants being absolutely uncontradicted, the burden of proof was thereupon shifted from defendants to plaintiffs, and was not upon defendants, as charged by the court. Towery v. Henderson, 60 Texas, 291; McFaddin v. Schill, 84 Texas, 80; 4 Kent's Com., 13 ed., 456, note X[1]; Telegraph Co. v. Bennett, 21 S. W. Rep., 699; Mims v. Mitchell, 1 Texas, 452.

The court erred on the trial of said cause in allowing plaintiffs to introduce the following illegal evidence, to wit: In permitting Joseph Lobit to testify in his own behalf as to the indebtedness of Thomas Gonzales to the firm of Adoue & Lobit, upon sundry different dates, without confining witness to the 25th day of April, 1890, the date of the transfer of the property in question from Thomas Gonzales to his wife,

Edith Boyer Gonzales, and in permitting plaintiff Joseph Lobit, a witness in his own behalf, to testify that he did not know about the transfer of the property in controversy from Thomas Gonzales to his wife; said witness having already testified that he knew that Thomas Gonzales and his wife occupied the property in controversy as a homestead. Morrison v. Clark, 55 Texas, 437; Terry v. O'Neal, 71 Texas, 592; Lewis v. Simon, 72 Texas, 474; Willis v. Smith, 65 Texas, 658; Cox v. Shropshire, 25 Texas, 124; Hargadine v. Whitfield, 71 Texas, 488; Waul v. Hardie, 17 Texas, 553; Rev. Stats., art. 4640 (4332); Ayres v. Duprey, 27 Texas, 607.

The Court of Civil Appeals erred in holding that the trial court did not err in refusing the charge requested by the defendants that a deed is valid between the parties thereto without regard to whether it is acknowledged or recorded; and the Court of Civil Appeals further erred in holding that said charge was not applicable to the facts of this case. Clapp v. Engledow, 82 Texas, 296; Watkins v. Edwards, 23 Texas, 449.

*James B. & Charles J. Stubbs* and *John Neethe*, for appellees.—The court did not err in giving the charge requested by plaintiffs and excepted to by defendants, because this charge was a correct exposition of the law, and it must be taken in connection with that part of the charge requested by the appellants, in which the court instructed the jury what facts, if proven, would be sufficient to constitute a delivery of the deed. Rost v. Railway, 76 Texas, 172; Railway v. McClain, 80 Texas, 98; Railway v. Stewart, 57 Texas, 170; Clark v. Hills, 67 Texas, 141; Steffian v. Bank, 69 Texas, 513; Tuttle v. Turner, 28 Texas, 773; Heintz v. O'Donnell, 42 S. W. Rep., 797.

The court did not err in permitting the plaintiffs to introduce upon the trial of the cause the running account between the plaintiffs and the defendants' ancestor, or his firm, because having shown an indebtedness at the date of the deed, it was necessary for them to show a continuance of such indebtedness up to the date of trial to enable them to claim the deed fraudulent as to them as existing creditors. 1 Am. and Eng. Enc. of Law, 2 ed., 441; Ring v. Jamison, 2 Mo. App., 584; Lamb v. Hanneman, 40 Iowa, 41; Pickett v. Bank, 32 Ark., 346.

BROWN, Associate Justice.—Thomas Gonzales and Edith Boyer Gonzales were husband and wife on and prior to the 13th day of June, 1886, at which time the land in controversy was conveyed to Thomas Gonzales for the expressed consideration of $8500. Soon after the conveyance, Thomas Gonzales, with his family, moved upon and improved the property and continued to reside upon it as a homestead until his death. On the 25th day of April, 1890, Thomas Gonzales signed a deed, which, by its terms, conveyed the property in litigation to his wife, Edith Boyer Gonzales, expressing in the deed a consideration of $6500. The deed was acknowledged by Thomas Gonzales before a notary public on May 24, 1890, but was not recorded until after his death, which occurred

December 31, 1896. Edith Boyer Gonzales died on the 31st of January, 1895. There was evidence to show that in her lifetime Edith Boyer Gonzales had possession of the deed and kept it in an iron box with some private papers, and that after her death and after the death of Thomas Gonzales the deed was found in that box. There was no proof of the payment of any consideration by Edith Gonzales to her husband.

Thomas and Edith Boyer Gonzales left three children surviving them, to wit, Boyer and Julian C. Gonzales and Frances C. Stanwood. Mrs. Gonzales died intestate, but Thomas Gonzales at his death left a will by which he appointed his two sons, Boyer and Julian C., his executors. In the course of the administration upon his estate the property in question was not placed upon the inventory. Adoue & Lobit presented to the executors a claim against the estate of Thomas Gonzales, duly proved, for the sum of $4248.80, which was allowed by the executors and approved by the County Court.

Adoue & Lobit instituted this suit in the District Court of Galveston County to establish the claim of the estate of Thomas Gonzales to the property in question and to compel the executors to place it upon their inventory as a part of the estate. The executors, as well as the heirs of the testator and of the deceased mother, were made parties defendant. The suit is based upon the theory that the property in controversy was the homestead of Thomas Gonzales and his wife, and that at the time of its designation as a homestead it exceeded in value the sum of $5000, over and above all improvements upon it, and the plaintiffs seek to subject the excess in the value of the property at the time the home was established upon it to the payment of the debts of Thomas Gonzales. The deed from Thomas Gonzales to his wife is attacked upon the grounds (1) that it was made without consideration, was voluntary, and that at the time it was executed Thomas Gonzales did not have other property sufficient to pay his debts, and that the debt of the plaintiff existed at the time the deed was made; (2) that the deed was never delivered to Edith Boyer Gonzales.

Thomas Gonzales was a cotton buyer in the city of Galveston for many years and did his business with the defendants in error, a banking firm. He bought cotton and drew upon the bank for its payment, selling the cotton and depositing the money, which went to his credit in satisfaction of his account. At the time the deed was made there stood upon the books of the banking firm a charge against Thomas Gonzales of $11,586.47 for money that he had drawn for the purchase of cotton, and which cotton he at the time held and soon thereafter sold for $12,000 and deposited the proceeds with the bank, which more than paid the charge that stood against him at the date of the deed. Subsequently to this date, Gonzales continued for a number of years to do a cotton business with Adoue & Lobit, drawing money and giving checks therefor, buying cotton, selling it, and depositing the proceeds; and at several times between that date and his death the firm was in his debt, as shown by its books. In the course of time Gonzales ceased to pay

his checks at the bank and there accumulated against him an indebtedness, for which, with interest, the account was presented to the executors and approved, as before stated.

The case is presented in this court upon many grounds of objection to the judgment of the court below, but we find only two points that we think it necessary to discuss: (1) The trial court permitted the defendants in error to prove the existence of debts against Thomas Gonzales after the date when the conveyance was made, to which exception was taken and the ruling is brought under review in this court; (2) the court gave two charges bearing upon the subject of the delivery and taking effect of the deed from Thomas Gonzales to his wife, which were excepted to and are here presented for revision.

For a number of years Thomas Gonzales did a business with the firm of Adoue & Lobit, drawing his checks upon the firm in payment for cotton purchased by him for shipment and sale. When the cotton was sold, the proceeds were deposited in the bank to the credit of Gonzales in liquidation of the account created in the purchase of it. Adoue & Lobit trusted Gonzales upon their faith that he would deposit the proceeds of the cotton when sold. At the time the deed was made from Thomas Gonzales to his wife, the books of Adoue & Lobit showed an indebtedness on the part of Gonzales in the sum of $11,586.47, created in the usual way of purchasing cotton then held by Gonzales and subsequently sold for $12,000, which was deposited with Adoue & Lobit, thereby more than liquidating the sum charged against him.

No part of the indebtedness that existed at the time the deed was made is included in the claim sought to be enforced in this action, but the defendants in error insist that because the cotton business of Gonzales was continued with the defendants in error for years subsequently to the conveyance of this property to the wife, the indebtedness falls in the class termed in law "a *continuing debt.*" Where a debt exists at the time a voluntary conveyance is made by the debtor and subsequently the debtor gives a note for an account or in lieu of a note, the original debt still continues and will hold preference over the voluntary conveyance as if no change in the debt had been made. Bump on Fraud. Conv., sec. 103; Brown v. McDonald, 1 Hill's Ch. Rep. (S. C.), 304. But the authorities are uniform to the effect that where the debt existing at the making of the voluntary conveyance is in fact paid by the debtor, no debt subsequently created between the same parties, although in the transaction of the same character of business, will be considered as a debt existing at the date of the conveyance. Willis & Bro. v. McIntyre, 70 Texas, 34; Moritz v. Hoffman, 35 Ill., 553; Reed v. Woodman, 4 Me., 345. The court erred in admitting, over the objections of the plaintiffs in error, evidence of transactions between Gonzales and defendants in error subsequent to the making of the deed.

At the request of the defendants in error, the trial court gave the following charge: "And I further instruct you that even if such was Thomas Gonzales' intention (that the deed should take effect) the deed

would still not be valid until delivered to grantee and accepted by her; and the burden of proof is upon the defendants to show by a preponderance of evidence that Thomas Gonzales actually intended the deed to become operative as a conveyance, that it was delivered to the grantee and accepted by her." (The words in parenthesis are inserted by the writer.) The effect of this charge was to inform the jury that if they believed from the evidence that Thomas Gonzales intended by the deed to convey the property to his wife, still they could not find for the defendants in the case, unless it was proved that the wife accepted the deed which was delivered to her and that the delivery was made by Thomas Gonzales with the intent that it should take effect and pass title to her. In other words, the burden was imposed upon the defendants in the case to prove that the grantor intended to do what he did by the terms of his deed and that the grantee accepted that which she received and retained. The correctness of such a proposition can not be maintained and is not seriously asserted in this court, but it is claimed by the defendants in error that this should not cause a reversal of the judgment, because the court, at the request of the defendants below, gave to the jury the following instruction: "If you believe from the evidence that the deed dated April 25, 1890, from Thomas Gonzales to his wife, was in her iron box containing her private papers during her lifetime, and if you further believe from the evidence that the said Thomas Gonzales was, at the date of said deed, possessed of sufficient property, exclusive of the northeast quarter of outlot number sixty-two (62), in Galveston, to meet his obligations then existing at the time, you will find your verdict for defendant." This charge, in effect, told the jury that if they believed the deed was found in Mrs. Gonzales' iron box, they would find for defendant without other proof of the intent of the grantor or of acceptance by the grantee. When a court has committed error by giving a charge, it can not be corrected by giving a correct charge without referring to that which is erroneous. Baker v. Ashe, 80 Texas, 360. In the case cited, the court in one charge informed the jury, in substance, that if the defendant made false representations as to the solvency of the bank which he represented, they would find for the plaintiff, without stating the qualification that the plaintiff must have relied or acted upon the false representations. In another charge, the jury was informed that in order for plaintiff to recover, the misrepresentation must have been relied upon and acted upon by the plaintiff. With reference to this charge, our Supreme Court, speaking through the present Chief Justice, said: "The defendants were entitled to an instruction that the plaintiff could not recover unless the representations were false, and unless he was induced thereby to make the deposit, without having their effect destroyed or meaning made doubtful by other instructions in which the jury were told in effect that the plaintiff might recover although these facts were not proved. A charge which instructs the jury to find for a plaintiff in the event they find certain facts proved by the evidence, and omits one of the facts essential

to a recovery, is erroneous, and is not cured by a contradictory instruction given at the request of the other party which makes no direct reference to the erroneous charge. , The erroneous charge ought to be withdrawn altogether or corrected by a qualification referring directly to it. If a deed duly executed be found in the possession of the grantee, the delivery by the grantor and acceptance by the grantee will be presumed, subject, however, to be disputed. 9 Am. and Eng. Enc. of Law, 2 ed., 159, note 2; Tuttle v. Turner, 28 Texas, 774. If the deed was not in fact delivered to the grantee, the question may arise upon the evidence whether Thomas Gonzales intended that the title should pass to his wife and he retained possession of it for her. ' Brown v. Brown, 61 Texas, 56. The error committed by the court in the charge complained of was not cured by giving the contradictory charge.

The judgments of the District Court and of the Court of Civil Appeals are reversed and this cause is remanded for further trial.

*Reversed and remanded.*