## RANSOM v. RANSOM.

No. 15369.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 3, 1952.

Rehearing Denied Oct. 31, 1952.

Ernest May, of Fort Worth, for appellant.

A. L. Crouch and C. H. Milliken, both of Fort Worth, for appellee.

RENFRO, Justice.

Suit was brought by appellee Devalia Ransom in trespass to try title against appellant R. A. Ransom, Jr. The appellant answered by general denial, a plea of not guilty, and a plea that he is the duly recorded owner of the property described in plaintiff's petition.

Appellant's first point of error alleges that the appellee's suit was to perpetuate a fraud and should fail for the sake of public policy.

The appellee introduced in evidence (a) a warranty deed from A. V. Hancock et ux., dated November 8, 1944, conveying the property in question to R. A. Ransom, Jr. (the appellant herein), for a recited consideration of $7,000 cash and the execution of a vendor's lien note in the sum of $8,000, payable in monthly installments; (b) a warranty deed executed by R. A. Ransom, Jr., and wife, Essie Mae Ransom, shown to have been dated the —— day of November, 1944, and acknowledged before Geraldee Gooden Banks on the 8th day of November, 1944, conveying the property in question to R. A. Ransom, Sr., who assumed the payment of the vendor's lien note in the sum of $8,000; and (c) a warranty deed dated the 6th day of December, 1947, executed by R. A. Ransom, Sr., conveying said property to his wife, Devalia Ransom, in consideration of $1 cash and natural love and affection.

■■ Appellant bases his first point of error on testimony of appellee that the deed from R. A. Ransom, Jr., to R. A. Ransom, Sr., was not put of record due to a judgment being held against R. A. Ransom, Sr. A copy of the judgment is included in the statement of facts and bears date of January 9, 1935, in favor of J. M. Mothershead, independent executor.

It is well settled that as between the parties to the transfer, a conveyance made in fraud of creditors passes title to the vendee and is subject to attack only by creditors or other persons coming under the provisions of Articles 3996 and 3997, R.C.S.; John Hancock Mutual Life Ins. Co. v. Morse, 132 Tex. 534, 124 S.W.2d 330; York v. Robbins, Tex.Com.App., 255 S.W. 720; Hartman v. Hartman, Tex.Civ.App., 217 S.W.2d 872, ref. n. r. e.; Loeb v. Wilhite, Tex.Civ.App., 224 S.W.2d 343, ref. n. r. e. Appellant was not a creditor of R. A. Ranson, Sr., and did not otherwise show himself entitled under Articles 3996 and 3997 to question the deed.

The point of error is overruled.

■ The second point of error complains that the appellee did not prove delivery to her of the deed from R. A. Ransom, Sr.

During the trial, the appellant testified that he did not remember signing the deed showing conveyance from himself and wife to his father, R. A. Ransom, Sr., but at no time denied the signature on the deed to be his. On the other hand, appellee positively identified the signatures of appellant and wife on said deed and the Notary Public who took the acknowledgment testified positively to the execution and acknowledgment of said deed by appellant and his wife. The court found that appellant and wife did execute the deed and his finding is amply supported by the evidence. The appellant did not at any time during the trial of the case question the execution and delivery of the deed from R. A. Ransom, Sr., to appellee Devalia Ransom. Said deed was introduced without objection, the record shows that it was in her possession, and there is no testimony whatever in the record questioning the delivery to her by her husband. The deed having been duly executed by R. A. Ransom, Sr., and found in the possession of appellee, and the delivery not being disputed by appellant or anyone else, delivery by Ransom, Sr., and acceptance by appellee will be presumed. Gonzales v. Adoue, 94 Tex. 120, 58 S.W. 951; Irvin v. Johnson, 56 Tex. Civ.App. 492, 120 S.W. 1085; Rabb v. Rabb, Tex.Civ.App., 108 S.W.2d 440; 14 Tex.Jur., page 831.

Under authority of the foregoing cases, we overrule the point of error.

■ The third point complains that the trial court erred in receiving certain hearsay testimony.

The trial was to the court without a jury. The court repeatedly stated to counsel in ruling on objections to testimony that, since there was no jury, he would cull out inadmissible testimony before entering judgment.

There being nothing in the record to indicate that the trial court probably gave consideration to inadmissible testimony, it

is presumed that he did not consider said testimony.

The point of error is overruled.

Finding no reversible error in the record, we affirm the judgment.

Judgment affirmed.