**MITCHELL et al. v. MILLS et al.**

No. 12621.

Court of Civil Appeals of Texas.

Galveston.

Feb. 4, 1954.

Rehearing Denied Feb. 25, 1954.

J. Leonard Gotsdiner and Philip M. Shafer; Houston; for appellants.

John L. Compton and Strong, Baker & Compton, Houston; and Clarence D. Cain and Cain & Cain, Liberty, for appellees.

HAMBLEN, Chief Justice.

This suit was brought in the District Court of Harris County to cancel and remove as a cloud upon title an instrument purporting to be a deed by which Joseph Michael Trager Sr. conveyed to appellee Margaret Trager Mills certain property in the City of Houston. Appellants are children and heirs at law of the grantor, Joseph Michael Trager Sr., who died intestate prior to the institution of the suit.

Margaret Trager Mills, before her marriage to the appellee, Frank Mills, had been the wife of Joe Trager, one of the children of Joseph Michael Trager Sr., from whom she was divorced in 1950. While Margaret Trager Mills was so married, Joseph Michael Trager Sr. resided in her home with her then husband, Joe Trager. After the divorce Joseph Michael Trager Sr. continued to reside with appellee, Margaret Trager Mills, until his death. During this time the City of Houston was undertaking to purchase for public use certain property owned by Joseph Michael Trager Sr. Due to his advanced years and ill health and in order to empower appellee, Margaret Trager Mills, to negotiate with the City of Houston concerning such property, there was prepared a general power of attorney constituting Margaret Trager Mills agent and attorney in fact for Joseph Michael Trager Sr. with respect to such property. This instrument was signed by Joseph Michael Trager Sr. while confined to his bed in a hospital. On the same date, April 20, 1951, and at the same time, before the same notary public and witnesses, Joseph Michael Trager Sr. purported to execute a general warranty deed conveying the same property to appellee, Margaret Trager Mills. After the death of Joseph Michael Trager Sr., appellants brought this suit to set aside and cancel such deed, alleging that Joseph Michael Trager Sr. was of unsound mind on the date of its execution; that he had never delivered the same to the grantee with the intention that it be effective as a conveyance; that no consideration was given for such deed, and that the grantee had never accepted such instrument as a conveyance.

The cause was tried before a jury. In response to two special issues submitted, the jury found that Joseph Michael Trager Sr., at the time of signing the deed, had sufficient mental capacity to understand the nature and subject matter of the instrument and that appellee, Margaret Trager Mills, accepted such deed. Upon the receipt of such verdict, the trial court entered judgment, the effect of which was to vest title to the property in appellees and direct that appellants take nothing.

The appeal here presented is based upon 4 asserted points of error. For the reasons which will be discussed, this Court feels

that none of such points is meritorious and all must, accordingly, be overruled.

By their first point, appellants complain of the refusal of the trial court to submit their requested special issue No. 1 wherein inquiry was made of the jury as to whether Joseph Michael Trager Sr. executed the deed to Margaret Trager Mills by placing an "X" mark thereon. We find no merit in this point because the facts inquired about were uncontroverted and under the specific provisions of Rule 272 T.R.C.P. its submission was properly refused. There was offered in evidence the deed inquired about, which appears on its face to have been executed by the grantor in the presence of witnesses, acknowledged before a justice of the peace as officio notary public, and bearing the registration certificate of the county clerk of Harris County. In addition to the presumptions to which such evidence gives rise, three witnesses testified to the facts and circumstances surrounding the placing of the "X" mark on the instrument by the grantor and his acknowledgment of his purpose in so doing, all of which occurred in their presence as well as in the presence of a fourth person, whose testimony was not offered. Careful inspection of the record discloses that this testimony is entirely uncontradicted and proves without dispute the fact inquired about in the requested special issue.

Appellants requested the trial court to submit an issue to the jury in the following form: "Do you find from a preponderance of the evidence that Joseph M. Trager placed the deed dated 4–20–51 within the control of Margaret Mills with the intention that it should become operative as a conveyance of the land therein described?" The refusal of the trial court to submit such issue is the basis of appellants' point No. 2. By counter-point appellees contend that there was no evidence to support the submission of such requested issue. A substantial portion of the briefs filed by the litigants is devoted to argument upon the sufficiency of the evidence. Ap-

pellees point to the testimony of three witnesses who were present in the hospital room when the instrument was signed, who testified to declarations of the grantor made in response to questions addressed to him at the time, all of which are probative of the fact that Joseph Michael Trager Sr. placed the deed in the control of the grantee with the intention that it should become operative as a conveyance of the land. Appellants, on the other hand, point to the simultaneous execution by the grantor of the power of attorney, which they contend is probative of a different intention, thereby raising the requested issue. We find this question unnecessary of determination for the reason that under the provisions of Rule 279 T.R.C.P., failure to submit an issue shall not be deemed a ground for reversal of the judgment unless its submission in substantially correct wording has been requested in writing and tendered by the party complaining of the judgment. Appellants were plaintiffs before the trial court seeking to set aside a deed upon the allegation, among others, that the deed had not been placed within the control of the grantee with the intention that it be effective as a conveyance. The burden was upon appellants to prove this allegation by a preponderance of the evidence. It is apparent from the requested issue quoted above that by its terms the burden of proof on this issue is improperly placed upon appellees. While this point has not been urged or briefed by the litigants, this Court feels compelled to the conclusion that it is decisive of appellants' point No. 2. We find no appellate decision in Texas expressly holding that a requested issue which improperly places the burden of proof is not in substantially correct wording as required by Rule 279 T.R.C.P. and to that extent the question is one of first impression. However, we feel that the conclusion is inescapable and find that it is supported by textual authority as the following quotation from McDonald, Texas Civil Practice, Vol. 3, Sec. 12.33, page 1152, will indicate: "Assume, for example, that the plaintiff requests a special issue which, though sufficient to direct the court's atten-

tion to an erroneous omission, is so worded that it puts the burden of proof upon the wrong party, comments on the weight of the evidence, assumes the truth of a controverted material fact proposition, or is otherwise clearly erroneous. If such an issue could be deemed 'substantially' correct, the court must either give it and be reversed upon an appeal in the event of a verdict adverse to the opponent of the requesting party; or decline to give it and be reversed upon appeal in the event of a verdict adverse to the requesting party; or attempt to frame a correct issue and perhaps be reversed on objections by either party to the form of wording adopted. A rule imposing such a dilemma upon the trial judge would ·be intolerable.

"Accordingly, a requested special issue, definition, or explanation can not be substantially correct if its insertion in the charge in the exact words requested would, upon proper objection, constitute affirmative error upon an appeal by the opponent."

■■ The same rule provides that omitted issues shall be deemed as found by the court in such manner as to support the judgment, provided, of course, there is evidence to support the finding. The existence of such evidence is apparent in the present case. It has been held that when a duly executed deed is found in the possession of the grantee, delivery by the grantor and acceptance by the grantee will be presumed. 14 Tex.Jur., page 831, par. 68; Gonzales v. Adoue, 94 Tex. 120, 58 S.W. 951. Furthermore, a registration of a deed is prima facie evidence of delivery by the grantor and acceptance by the grantee. Koppelmann v. Koppelmann, 94 Tex. 40, 57 S.W. 570; Luzenburg v. Bexar Building & Loan Association, 9 Tex.Civ. App. 261, 29 S.W. 237. In addition to these presumptions, which arose immediately upon the introduction of the deed in evidence, there exists the testimony of the three witnesses above alluded to concerning the occurrences in the hospital room when the deed was executed. This Court is, therefore, compelled to assume that the trial court found the fact of delivery in such manner as to support its judgment.

■ By their third point appellants complain of the refusal of the court to submit their requested special issue No. 3, by which the jury was asked to state the date upon which Margaret Trager Mills accepted the deed. This point must be overruled for three reasons: (1) The requested issue was ·predicated upon an affirmative answer by the jury to appellants' requested special issue No. 2. We have already discussed the impropriety of requested special issue No. 2 and by predicating requested special issue No. 3 thereon appellants make it subject to the same objections. (2) The requested issue is not an ultimate issue. (3) The trial court, by special issue No. 2, which was submitted, submitted· the ultimate issue, which properly cast the burden of proof by inquiring of the jury whether from a preponderance of the evidence it found that Margaret Trager Mills, on the occasion of the execution and delivery of the deed, did not accept it.

■ By their fourth point appellants object to the form of special issue No. 2 submitted by the court and last above discussed, for the reason that it assumed the fact of execution and delivery. We have already pointed out that the evidence of execution was undisputed and, therefore, the issue was not a controverted issue, thus justifying the assumption of the truth of that fact by the trial court. We have likewise pointed out the burden upon appellants to request the submission of controverted issues of fact in substantially correct wording. Therefore, even if it be conceded that the issue of delivery was a controverted issue of fact, it was not the subject of inquiry of the jury. The vice in an issue which assumes as true an issue of fact, which is in dispute, results from the fact that it amounts to a comment on the weight of the evidence. The assumption by the trial court of the fact of delivery would have been harmful only in the event that the issue of delivery had been the subject of inquiry of the jury, in.

which event the harm would result from the effect of the assumption upon the jury's finding on the issue of delivery. We cannot see how the assumption of delivery could in anywise affect the finding of the jury on the separate and distinct issue of acceptance. Therefore, even if the assumption of delivery on the part of the trial court was error, it was harmless error and not of such character as would authorize a reversal of the judgment.

For the reasons above discussed, the judgment of the trial court is affirmed.