Male Rogers CARNOHAN, Appellant,

v.

Amelie Rutherford SHAW, et vir, Appellees.

No. 6505.

Court of Civil Appeals of Texas. Amarillo.

June 6, 1955.

On Motion for Rehearing Oct. 10, 1955.

Rehearing Denied Nov. 14, 1955.

Chas. H. Dean and P. B. Randolph, Plainview, for appellant.

Travis D. Shelton, Allred & Bowers, Lubbock, Day & Owen, Plainview, for appellees.

PITTS, Chief Justice.

Appellee, Amelie Rutherford Shaw, joined pro forma by her husband, John R. Shaw, filed suit for the cancellation and setting aside of a general warranty deed dated December 14, 1951, with appellant, Maie Rogers Carnohan, named as grantee therein, in which suit appellant denied generally appellees' allegations, filed a cross-action in the nature of trespass to try title, seeking judgment for title and possession of the tract of land described in the said deed, together with the accumulated rents and revenues therefrom, and impleaded Will Rogers as a third party defendant. Although Will Rogers pleaded in bar to appellant's cross-action, he likewise filed a disclaimer of any interest or right of possession in or to the land in question. Appellees pleaded not guilty of the injury complained of by appellant and further pleaded that at no time had they entered upon and dispossessed appellant of the land in question.

The case was tried to a jury upon one special issue submitted to it and as a result of the verdict the trial court rendered judgment setting aside and cancelling the deed in question declaring it null, void and without effect and denied appellant any recovery on her cross-action. Appellant perfected an appeal and presents one point of error charging in effect that the trial court erred in refusing to render judgment for her upon her cross-action.

Appellees attacked the said deed of date December 14, 1951, on the grounds that the

grantor therein, Stella Rogers Rutherford, now deceased, did not possess mental capacity to execute the deed on the date thereof and that appellee, Amelie Rutherford Shaw, the granddaughter of grantor, was the sole and only heir-at-law of grantor. The jury found that the grantor did not have sufficient mental capacity to execute the deed of date December 14, 1951, upon which finding the trial court based its judgment. As grounds for title and possession of the land in question appellant relies upon another prior general warranty deed executed by the same grantor, Stella Rogers Rutherford, of date October 19, 1949, conveying the same land described in the later executed deed previously herein mentioned to grantor's sister, appellant herein, Maie Rogers Carnohan. The same grantor executed both deeds conveying the same one-quarter section of land to the same grantee with only minor formal variances shown, such as different dates and different notaries used. Both deeds were introduced in evidence without limitation and the contents of both are before this Court. The evidence reveals that the grantor acquired title to the said land as a result of a deed executed by her parents conveying the land to her as grantee to become effective at the death of her parents as grantors, one of whom died thereafter in 1929 and the other in 1933.

The case was tried and a verdict rendered by the jury on September 2, 1954. Before judgment was rendered and on September 17, 1954, appellant filed her motion for judgment upon her cross-action, notwithstanding the jury's adverse answer to an issue concerning a later deed, by reason of the execution and delivery by grantor of the deed dated October 19, 1949, about which there was no controversy concerning its material phases and therefore no controverted issue of fact to be submitted to a jury about its contents, execution or delivery, since such matters were not challenged or denied by appellees either in their pleadings or by their testimony presented. On the same day appellant's said motion was filed it was overruled by the trial court which thereafter rendered and entered its judgment previously referred to on September 30, 1954.

By counter points presented, appellees contend that appellant waived her claims for right of recovery by her failure to request the submission of issues to the jury in support thereof and that in any event appellees objected to the introduction of the deed relied upon by appellant, claiming that such deed was testamentary in character, for which reason it failed to comply with the requirements of the law. Appellees further contend that the evidence does not reveal that the said deed of date October 19, 1949, was delivered to the grantee and that in any event it was revoked by the execution of the latter deed by the grantor.

Considering these matters in the reverse order presented, an examination of the two deeds reveals that they are identical except for the minor formal variances previously herein mentioned. The language of the latter deed makes no reference to the former deed and nowhere therein does it appear that the same was executed in lieu of the former deed or to take the place of the former deed as claimed by the appellees. At any rate, the latter deed has been adjudged null, void, and of no effect, which part of the judgment has not been attacked. It could not therefore serve any purpose for either party. Concerning the delivery of the former deed of date October 19, 1949, relied upon by appellant, the witness, Arthur V. Huntley, testified that he drew the said deed at the request of the grantor and upon information she furnished him; that he notarized it for her on the date therein shown and kept it thereafter for her at her request until November 18, 1951, when she personally came and got it from him; and that it was his understanding that grantor then took the said deed to give it to the grantee, Maie Rogers Carnohan. The witness, Ray Carnohan, testified that the grantor gave the said deed to the grantee. The testimony of these two witnesses concerning the delivery of the said deed is not denied and is therefore uncontroverted.

At any rate, appellant (defendant in the trial court) had the said deed in her possession and introduced it in evidence. In the case of Gonzales v. Adoue, 94 Tex. 120, 58 S.W. 951, 953, the court said in part:

"If a deed duly executed be found in the possession of the grantee, the delivery by the grantor and acceptance by the grantee will be presumed, subject however, to be disputed."

That case was cited with approval and the announced rule followed in the recent case of Ransom v. Ransom, Tex.Civ.App., 252 S.W.2d 212 (writ refused). In the case at bar, the execution, delivery and acceptance of the deed of date October 19, 1949, has not been disputed by appellees either by pleadings or proof. Hence the rule as announced would apply to the facts presented here. While the uncontroverted evidence reveals conclusively that the deed relied upon by appellant was delivered by the grantor before her death and accepted by the grantee, the presumption of law under the facts presented supports delivery and acceptance. It is said in 14 Tex.Jur. 818, Section 56, that: "To operate as an effectual transfer of title it is necessary that a deed be delivered * * * Delivery is the final act without which all other formalities are ineffectual." In the same text and same volume, page 831, Section 68, it is said:

"When a duly executed deed is found in the possession of the grantee, delivery by the grantor and acceptance by the grantee will be presumed. But this presumption may be disputed as between the parties by showing that there was in reality no delivery. The burden of proof as to this issue is, of course, on the disputant."

With reference to appellees' contention that the deed of date October 19, 1949, was testamentary in character, appellees further contend that the grantor deposited the deed with Mr. Huntley with the understanding that she still had control of the same and reserved the right to revoke the deed. The record reveals no evidence to support the latter contention of appellees immediately previously herein stated. In an effort to establish their claims here made appellees asked the witness Huntley if relator, at the time she delivered the deed to him, "reserved the right to recall or revoke this deed and take it back into her possession," and he replied that he understood that "if she came to me and gave me a receipt, I would give the deed to her or anyone she said." In our opinion this does not establish appellees' claims here made. The grantor did get the deed from Huntley for the purpose of delivery and did deliver it. However, each deed is a general warranty deed and each of the deeds was to become effective at the death of the grantor, who reserved a right of possession and the use of the land together with the right of egress and ingress thereto during her lifetime. However, the record reveals that grantor moved to California in July, 1949, lived thereafter with grantee and never personally occupied the land after the first deed was executed. The first deed executed was left with Mr. Huntley until the grantor personally got it and personally delivered it to the grantee, appellant herein, who did not testify in the case because of the prohibitory statute Art. 3716, in such cases and it was agreed by stipulation of the parties that the trial court may so advise the jury. There is no evidence in the record showing or tending to show that the grantor held control of the deed until her death and reserved the right to revoke it. On the contrary, the evidence conclusively reveals that she personally delivered the deed during her lifetime.

In support of their contentions here made, appellees cite and rely upon the case of Eckert v. Stewart, Tex.Civ.App., 207 S.W. 317. In that case, a deed was deposited with a third party subject to the control or recall by the grantor, without which it was to be delivered to the grantee by the third party after the death of the grantor. No such conditions existed in the case at bar. However, the court in that case recognized the well established rules of law applicable to a case in which delivery of the deed had been made during the lifetime of the grantor as was shown to be

true in the case at bar. The court there held that in such cases where a delivery of a deed is made directly to the grantee during the life time of the grantor or a delivery of it is made to a third person with directions that it be delivered to the grantee at the death of the grantor, the conveyance takes immediate effect, and vests in the grantee title to commence after the grantor's death. Under the record before us and the law governing such, the deed executed on October 19, 1949, by grantor and delivered by her to grantee was not an instrument only testamentary in character. As previously stated, except for minor formal parts, it was identical with the other deed, which appellees pleaded was a "general warranty deed."

Concerning appellees' contention to the effect that the deed relied upon by appellant was introduced over their objections, the record reveals (S.F. 130) that when appellant proved the execution of the said deed in support of her cross-action, appellees' counsel said, "Your Honor, we have no objections to the introduction of this instrument." Whereupon appellant then introduced the said deed in support of her cross-action. Thereafter in the absence of the jury appellees made some complaint about the introduction of the said deed and wanted its purpose limited, but it had already been introduced before the jury and no motion was ever made to exclude it. The trial court again announced however that the deed had been admitted in evidence for every purpose and remarked in the absence of the jury at the time that, "It would certainly bear very much on the issue in this case."

The evidence conclusively reveals that Stella Rogers Rutherford executed the deed of date October 19, 1949, and personally thereafter delivered it to the grantee, Maie Rogers Carnohan, appellant herein, after which Stella Rogers Rutherford had a sudden attack of some nature on December 16, 1951, and died the following day. According to the record before us appellees have not denied these matters either by pleadings or by proof. No issue was made of the mental capacity or incapacity of Stella Rogers Rutherford to execute the former deed of date October 19, 1949. However, appellant conclusively proved by many witnesses, some of whom were wholly disinterested persons, that Stella Rogers Rutherford was very intelligent and certainly not afflicted with any mental disorders during the year 1949 and some of them testified particularly of her strong mental faculties on or about the date of October 19, 1949, the day she executed the deed relied upon here by appellant. One of appellees' principal witnesses, Mrs. Elizabeth S. Rutherford, the mother of appellee, Amelie Rutherford Shaw, testified that her mother-in-law, Stella Rogers Rutherford, had for a long time been peculiar and odd but she possessed a very strong will power about what she wanted to do until she became affected with senility and became childish in the spring of 1950, but that she was not so affected and was certainly not of unsound mind prior to the spring of 1950; that she died on December 17, 1951, at the age of 73 years. Some of the witnesses further testified that Stella Rogers Rutherford had lived for a long time with her younger sister, Maie Rogers Carnohan, and had on various occasions remarked about how good her said sister had been to her and that she would reciprocate in part by leaving her said property to her said sister.

Under the record presented it is our opinion that appellant did not waive her right of recovery, as charged by appellees, but she insisted upon such recovery as is clearly shown in her motion for judgment. Appellant's grounds for recovery as set forth in her motion for judgment were conclusively established by the evidence heard. Rule 279, Texas Rules of Civil Procedure, states in effect that in a jury case the court must submit to the jury only the controverted controlling issues and that all grounds of recovery not conclusively established by the evidence shall be waived if not submitted. However, grounds for recovery conclusively established need not be submitted to a jury and are not waived when not submitted. National Security

Life & Casualty Co. v. Benham, Tex.Civ. App., 233 S.W.2d 334; Thomason v. Burch, Tex.Civ.App., 223 S.W.2d 320; Gulf, C. & S. F. Ry. Co. v. Jones, Tex.Civ.App., 221 S.W.2d 1010. The rules of law announced by these authorities are recognized with approval by the authorities cited by appellees.

The third party cross defendant, Will Rogers, testified by deposition to the effect that he was a medical doctor of long practice in El Paso, Texas; that he was an older brother of Stella Rogers Rutherford and Maie Rogers Carnohan; that he owned land located in the same section where the land here involved is located; that he had collected the rents from the land here involved since the death of his sister, Stella Rogers Rutherford, and had such accumulative rents deposited in a bank to the account of the estate of his said sister.

For the reasons stated it is our opinion that the trial court erred in its refusal to sustain appellant's motion for judgment and render judgment accordingly. As a result of the uncontroverted evidence in support of appellant's alleged grounds for recovery, that part of the trial court's judgment denying appellant any recovery is reversed and judgment is here rendered sustaining appellant's motion for judgment vesting title and possession of the one-quarter section of land described in the deed of date October 19, 1949, in appellant, Maie Rogers Carnohan, and likewise awarding appellant judgment against the third party cross defendant, Will Rogers, for the accumulated rents and revenues from the said land since the death of Stella Rogers Rutherford on December 17, 1951. Reversed and rendered.

### On Motion for Rehearing.

NORTHCUTT, Justice.

Heretofore an opinion was rendered in this case in which the judgment of the trial court was reversed and judgment was rendered for the appellant. Appellees duly filed a motion for rehearing and, upon further consideration of the cause in the light of such motion, it is the opinion of the majority of the Court that it was error to reverse and render this case and that the record requires that the judgment of the trial court be affirmed. Accordingly, the judgment of the trial court is affirmed upon the principles stated in this opinion which is rendered in lieu of the original opinion in the cause which is withdrawn.

Appellee, Amelie Rutherford Shaw, joined pro forma by her husband, John R. Shaw, filed suit against appellant for the cancellation and setting aside of a general warranty deed dated December 14, 1951 in which appellant, Maie Rogers Carnohan, was named as grantee. In answer to the suit, appellant denied generally appellees' allegations, filed a cross-action in the nature of an action in trespass to try title and sought judgment for title and possession of the tract of land described in the deed in issue and also asked judgment for accumulated rents and revenues from the land. Will Rogers was impleaded as a third party defendant as the holder of the rents and revenues but since he filed a disclaimer and is not a necessary party to this appeal, any issue as to his rights is not material here as the rents from the land follow the title. Appellees, in answer to appellants' pleading in trespass to try title, pleaded not guilty of the injuries complained of by appellant. Appellees attacked the deed in issue dated December 14, 1951 on the grounds that the grantor therein, Stella Rogers Rutherford, now deceased, did not possess mental capacity to execute such deed. In answer to the sole issue submitted to it, the jury found that, on December 14, 1951, when she executed the deed, Stella Rogers Rutherford was not mentally able to understand the nature and effect of the deed and the consequences of her act in signing it. As a result of this verdict, the trial court rendered judgment setting aside and cancelling the deed in issue declaring it null and void and without effect and ordered that this appellant take nothing by her cross-action against any of the parties.

It is clearly shown by the record that this case was tried upon the theory that appellant was claiming this property under and

by virtue of the deed dated December 14, 1951. It is here noted that a deed dated October 19, 1949 was introduced in evidence by appellant and this deed and the deed in issue dated December 14, 1951 are identical in language and punctuation other than immaterial elements such as the heading as to the state and like matters. The undisputed evidence also reveals that this last deed, dated December 14, 1951, was brought by a young attorney and his secretary to Stella Rogers Rutherford and that she signed it and delivered it back to the attorney and instructed him to get it recorded. Since the two deeds are identical, it is beyond dispute that said attorney must have had in his possession the first deed in order to draw the last deed as a duplicate thereof. It is also a sound presumption from the facts that the two deeds could not be identical unless the last deed was copied from the first deed. There is no testimony that Stella Rutherford ever received back, from said attorney, the first deed of the date of October 19, 1949, whereby she could have had the same in her possession for delivery to appellant. Neither is there any testimony in the record that any person ever saw Stella Rogers Rutherford actually hand over and deliver the deed in question to the appellant. It is only by a wide stretch of the imagination that it can even be vaguely assumed that this first deed was ever delivered to appellant. The only evidence that even hints at delivery of the first deed is found in the testimony of appellant's son, Ray Carnohan. Ray Carnohan was asked what he recommended in regard to appellant's preacher advising that another deed should be drawn by an attorney in lieu of the first deed dated October 19, 1949. He testified that he told appellant and her sister, grantee and grantor respectively in the first deed, to have a lawyer draw another deed. Carnohan was then asked "Do you know whether or not your aunt also gave that deed to your mother?" He answered "Yes". This is all the testimony in the record that might even infer that the first deed was the one referred to by Carnohan.

On the issue of delivery or non-delivery of the first deed, the undisputed evidence reveals the following facts as to non-delivery of the same. Stella Rogers Rutherford had only one child, a son who died October 16, 1949 and was buried October 21, 1949. Appellee is the only child of this son. The first deed was executed while the only child of Stella Rogers Rutherford was lying a corpse and such deed was left with Reverend Huntley, subject to the control of the grantor, where it remained until Stella Rogers Rutherford, the grantor, took the same back from Reverend Huntley on November 18, 1951 only 29 days before her death. The undisputed testimony of appellant's son, Ray Carnohan, is that a young attorney prepared the last deed and brought the same to Stella Rogers Rutherford for execution in lieu of the first deed. He further testified that Stella Rogers Rutherford signed this last deed and told the attorney to have it recorded. The deed was acknowledged by the grantor December 14, 1951 before Alice C. Remington and was filed for record December 19, 1951, two days after the death of Mrs. Rutherford.

■ This case was tried upon the theory that appellant became the owner of the property in issue by virtue of the deed dated December 14, 1951. But, as to this deed, the jury found that Stella Rogers Rutherford was not mentally competent to understand the nature and effect of the deed and the consequences of her action in signing it. It follows that since the attorney drawing this last deed unquestionably had in his possession the first deed from which he drew the second and last deed that the first deed was as yet undelivered to appellant by the grantor, Stella Rogers Rutherford. If she did not have the mental capacity to execute and deliver the last deed at such time, as found by the jury, she also lacked the mental capacity at such time to deliver the first deed. No issue was requested to be submitted to the jury by either party and none was submitted by the court as to whether there was a delivery of the first deed. It must be presumed, therefore, that the trial court's finding as to such fact supports the judgment and that there was no delivery of the first deed. The record fully supports such a finding. The record

is undisputed that Stella Rogers Rutherford retained control over the first deed left with Reverend Huntley and the undisputed record reveals that she did secure the deed back from Reverend Huntley as she had the right to do. There is no attempt made in this entire record to show that any deed (either the one dated October 19, 1949 or December 14, 1951) was ever delivered by Stella Rutherford to appellant at any time other than at the specific time the jury found Mrs. Rutherford was not mentally competent to understand the effect of the deed and the consequences of her act. Under this record, if Stella Rutherford had ever delivered the deed dated October 19, 1949 she would have had to deliver the same at a time following the date she signed the deed dated December 14, 1951 and at such time, under the findings of the jury, she was not mentally competent to understand the nature and effect of her acts. The question of whether there has, in fact, been a delivery of a deed is one for triers of facts. The issue of what constitutes delivery is one of law. Ragland v. Kelner, 148 Tex. 132, 221 S.W.2d 357; Kuhn v. Downs, Tex.Civ. App., 208 S.W.2d 154.

■ Appellant presents her appeal upon one point of error and that is:

"The court erred in overruling the defendant's motion for judgment in this case."

It is undisputed in this record that Reverend Huntley told Mrs. Rutherford to get an attorney to draw another deed in lieu of the first deed which he had drawn. It is likewise undisputed that appellant's son, Ray Carnohan, told her to carry out Reverend Huntley's instructions in the matter and have a new deed drawn by an attorney. It is likewise undisputed that she did get the first deed back from Huntley, as she had the right to do, and that she did have an attorney to draw a new deed in lieu of the first deed and instructed this attorney to have the second deed recorded. If Stella Rogers Rutherford had mental capacity to get this first deed back and have a new deed drawn in the place of it, then, by that act, she created a new instrument and revoked

the first deed which was not then subject to delivery. On the other hand, if she did not have the mental capacity to execute and deliver this last deed which revoked the first deed, and the jury found she did not have such mental capacity; then, by the same line of reasoning, she did not have mental capacity to make delivery of the first deed at the time she would have had to deliver the same as revealed by the undisputed record in this case.

It was wholly within the province of the trial judge to determine what constituted delivery and as to whether the first deed was delivered under this record. It must be presumed here that the trial judge found such fact in support of his judgment and the record overwhelmingly supports a finding of non-delivery of the first deed upon which appellant now seeks to rely in this court.

The judgment of the trial court is affirmed.

PITTS, Chief Justice (dissenting).

On Motion for Rehearing.

In my opinion the record supports the original opinion previously announced by this court. At the very most, our former disposition of this case may possibly be modified by remanding the same for a new trial in order that the facts may be more fully developed and in order that the parties may present their respective contentions more clearly on appeal. While appellees pleaded "not guilty" to appellant's trespass to try title cross action, they did nothing further, either by pleadings or proof, to offset the contents and effects of the first deed executed of date October 19, 1949, by grantor to grantee, which deed the trial court expressly found "would certainly bear very much on the issue in this case" (SF 137) and the contents of which deed the trial court further found to be "identical" with the terms of the later deed executed of date December 14, 1951, except for immaterial matters (SF 136).

When the execution of the deed of date October 19, 1949, was established by proof

and before appellant offered it in evidence, appellees' counsel asserted there would be no objections to its introduction, after which it was offered in evidence by appellant, "whereupon Defendant's Exhibit Number A (the last deed mentioned) was received into evidence" (SF 130).

In determining the matter of delivery of a deed in such a case, the intention of the grantor is a very material factor. For that reason appellees sought to prove the intention of the grantor in this action by the witness, Arthur V. Huntley when grantor came alone and got the deed from him on November 18, 1951. After the said deed was received in evidence, appellees, in the cross examination of the witness, Arthur V. Huntley, who drew and notarized the first deed of date October 19, 1949 for grantor, sought to establish the "understanding" of the said witness concerning grantor's intentions about the matters in issue here when the said witness answered by stating that "My understanding is that she (grantor) took the deed (meaning the last one herein mentioned) to give to May (grantee). That is my understanding." (SF 135–136). Appellees' counsel propounded a further question to the said witness inquiring as follows: "Your understanding is that she *gave* this one to May?" (Emphasis added). Answer: "That's right." In the last question propounded appellees' counsel did not ask the witness if he understood that grantor got the deed to give to May (grantee) but he asked if the witness understood "that she (grantor) gave this one (the deed of date October 19, 1949, being the subject matter) to May (grantee)," using the verb "gave" in the past tense, to which question he got an affirmative answer.

Following this testimony developed by appellees, the witness, Ray Carnohan, testified on direct examination (SF 201–202) that he was present on December 14, 1951, when a young attorney and his secretary came to get grantor to sign a deed executed in favor of May Carnohan (grantee) to the land in question and that he heard Stella Rogers Rutherford (grantor) say to the young attorney that "since she had signed it to please get it recorded as soon as possible" and that she (grantor) gave him (the young attorney) the deed and he took it away with him (three days before grantor died). The record reveals that the said deed was soon thereafter filed for record on December 19, 1951, (two days after grantor died). There were only two deeds involved in this case and the witness, Carnohan, testified about the delivery of both of them. Carnohan testified that he was present when grantor delivered the last deed executed to her attorney with instructions to have it recorded and he took it away with him (SF 202). The said witness was then asked (SF 202–203) about the other deed executed on October 19, 1949, and among other testimony given he testified that grantor gave the last mentioned deed to his mother (grantee). Appellees seek to confuse this testimony of the witness about which deed he there meant to speak of but this said witness had already given an account of the delivery of the other deed dated December 14, 1951, by saying it had been taken away by an attorney and the witness was thereafter asked about the former deed of date October 19, 1949. In our opinion there is no question but what the witness had reference to the former deed of October 19, 1949, when he testified that grantor gave that deed to his mother (grantee). There was no evidence even tending to controvert the testimony given concerning the delivery of the deed of date October 19, 1949, to grantee by grantor. The witness, Carnohan, was never asked how he knew grantor gave the said deed in question to grantee, and neither was the witness, Huntley, asked why he understood such delivery had been so made. Since appellees established by the witness, Huntley, upon cross examination that he understood (bearing on the question of intent) that grantor took the deed of date October 19, 1949, from him to give it to grantee and since appellees have further established that the said witness also understood that grantor *gave* the said deed to May (grantee) followed by the direct testimony of the

witness, Ray Carnohan, to the effect that grantor gave the said deed to grantee, I must conclude that such undisputed proof constitutes a personal delivery of the said deed to grantee by grantor during her (grantor's) lifetime. The trial court likewise expressly found that there was "not one bit" of undue influence in the case (SF 213).

Because of the testimony referred to establishing delivery of the first deed executed and as a result of the expressed findings of the trial court found in the record, I heartily agree with the trial court's expressed finding to the effect that the contents of the first deed executed by grantor to grantee and found in the record "would certainly bear very much on the issue in the case" and would at least prevent the affirmance of a judgment rendered for appellees upon the record before us at any rate. There is nothing in the record to offset the contents and effect of the first deed executed of date October 19, 1949, offered in evidence, and admitted for every purpose, in support of appellant's cross action. No issue by pleadings or otherwise is made of grantor's mental incapacity except for the very day she executed the last deed. Since it has been established that grantor did not have mental capacity to execute the last deed of date December 14, 1951, certainly she did not have mental capacity at such a time and by such an act to merely by implication revoke the terms of the deed she had more than two years previously executed. There was no advantage in having an attorney draw the last deed since he copied the material parts of the first deed and made the same identical with the first deed except for immaterial parts, thus merely reaffirming the terms of the first deed rather than revoking such. The first deed is not invalid because an attorney did not draw it. Neither is it invalid because

somebody told grantor she should have an attorney draw her another deed.

The record reveals (SF 131 and 138) that some sort of a notation was typed on the back of the deed of date October 19, 1949, by the witness, Huntley, who drew the deed, and that such notation was placed there under the express instructions of grantor. However, nowhere does the record reveal the contents or purport of such a notation there made if the same was introduced. The deed itself was introduced and is of record (SF 250–252) without revealing the contents of that notation. Such a notation if introduced may have some material bearing on the merits of this case.

In my opinion this case was tried upon the theory that appellant may recover by virtue of the contents of either or both deeds in question, and finally as shown in her motion for judgment upon the contents of the first deed executed. In my opinion also Will Rogers is before us on appeal, brought here by appellant, who seeks relief from him based upon his own testimony. The majority opinion presents some presumptions that in my opinion are not supported by the evidence. Particularly does it presume that the trial court made certain findings in support of its judgment. In my opinion such presumed findings of the trial court must be supported by some evidence, and there is no evidence supporting presumptions that grantor did not deliver the first deed executed to grantee but uncontradicted evidence that she did, and there is no evidence that she did not have mental capacity to make such delivery when she got the said deed from Huntley on November 18, 1951, for the purpose of delivering it to grantee.

In my opinion the record does not support an affirmance of the trial court's judgment.