Anna SIMPSON, Appellant,

v.

Dorothy S. HOPKINS, et vir, Appellees.

No. 4806.

Court of Civil Appeals of Texas.

Waco.

April 10, 1969.

Rehearing Denied April 24, 1969.

Earle Cobb, Jr., San Antonio, for appellant.

Oliver & Oliver, San Antonio, for appellees.

## OPINION

HALL, Justice.

Plaintiff-appellant brought this action to set aside a general warranty deed and thereby remove a cloud from the title of property.

The deed purports to be a conveyance from plaintiff to defendant. Plaintiff's trial pleadings alleged, under oath, that she did not knowingly or consciously sign the deed or deliver it to defendant, and that no one did so with authority. A jury trial resulted in judgment for the defendant.

The defendant assumed the burden of proof. A single special issue was submitted to the jury. It inquired, "Do you find from a preponderance of the evidence that the plaintiff, Mrs. Anna Simpson, signed her name to the deed * * *?" The jury found she did. Plaintiff does not question the sufficiency of the evidence to support this finding.

Plaintiff objected to the special issue because it did not ask whether she "knowingly" signed the deed; urging in her writ-ten objection, that, under the evidence, there is a possibility she signed the deed not knowing what she was doing. Plaintiff assigns error to the overruling of the objection.

█ Plaintiff's sole position under the evidence is that the deed is a forgery. She emphatically denied signing the deed, and adduced other evidence to stamp it a forgery. Plaintiff does not point to any probative evidence supporting a possibility that she may have signed the deed without knowledge that she was doing so, and we find none. The trial court properly overruled the objection to the special issue.

Plaintiff objected to the charge because it failed to inquire whether she "delivered the deed," as required by Article 1288, Vernon's Annotated Texas Civil Statutes. The objection was overruled. After verdict, plaintiff filed a motion for judgment alleging that defendant had failed to prove delivery of the deed. The motion was overruled. Plaintiff contends the trial court erred in overruling the objection and the motion.

There are admissions of plaintiff in evidence that she executed and delivered the deed. A notary public testified that he took plaintiff's acknowledgment after she signed the deed in his presence. Defendant testified that, after signing it, plaintiff handed the deed to her. The deed is in defendant's possession, and it is of record.

█ If plaintiff did sign the deed, then defendant's possession and the recordation of it raised a presumption of delivery. Gonzales v. Adoue, 94 Tex. 120, 58 S.W. 951, 953 (1900); Watts v. McCloud, 205 S.W. 381, 384 (Tex.Civ.App., 1918, writ ref.); Ransom v. Ransom, 252 S.W.2d 212, 213 (Tex.Civ.App., 1952, writ ref.).

█ There is no suggestion in the evidence that, if the deed is not a forgery, defendant gained possession of it other than by delivery from plaintiff. The only ques-

tion for the jury, under the evidence, was whether plaintiff signed the deed. Gravis v. Rogers, 214 S.W.2d 886, 889 (Tex.Civ. App., 1948, writ ref., n. r. e.). The trial court correctly overruled plaintiff's objection to the charge, and properly overruled plaintiff's contention that defendant had not proved delivery of the deed.

Alternatively, in her motion for judgment, plaintiff asked that a trust be impressed on the property in her favor, contending that throughout the trial by pleading and evidence, it had been defendant's position that the deed was given for the express and limited purpose of borrowing money to pay taxes on the property and plaintiff's medical expenses. The contention is not well taken. Defendant pleaded an absolute conveyance, and adduced evidence and sought relief accordingly. There is no pleading that the conveyance was in trust, and the case was not tried on that theory. The trial court did not err in overruling the motion for judgment.

Plaintiff's other points complain of alleged errors in another trial of this case; they are without merit and are overruled.

The judgment is affirmed.